CLINTON E. MODESTE *vs.* THE PUBLIC UTILITIES COMMISSION ET ALS.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Under § 3 of Chapter 77 of the Public Acts of 1921, the Public Utilities Commission is authorized, where public convenience and necessity requires the operation of jitney service over a route, to select a single person or company for the work, although a practical monopoly as to such route is necessarily created thereby.

In view of the separation of powers among the legislative, the executive, and the judicial departments of this State, made by the State Constitution, the General Assembly cannot authorize the courts to exercise powers which are clearly administrative and not incidental to the discharge of any legitimate judicial function; and hence an appeal from an administrative body to the courts, if allowed, will be limited to the review of judicial or *quasi*-judicial questions. This is true even though, as in the present case, the language of the statute would appear to give a plenary appeal.

Which one or more of several applicants shall receive a certificate to operate a jitney route which the Public Utilities Commission has found to be required by public convenience and necessity, and the extent of the service, is a purely administrative question; and therefore an unsuccessful applicant cannot appeal because a certificate was granted to a competitor.

*It seems* that where an administrative body fixes rates or imposes expenditures, and it is claimed that confiscation of property will result, the State must provide a fair opportunity, by appeal or

otherwise, for submission of the issue to a judicial tribunal, for determination upon its own independent judgment as to both law and fact, or else the order will conflict with the "due process" clause of the Fourteenth Amendment to the Federal Constitution. Whether a decision by the Commission that public convenience and necessity does not require a jitney service over a certain route, is a *quasi*-judicial question subject to review on appeal, *quære.*

Argued April 12th—decided June 3d, 1922.

APPEAL from the denial by the Public Utilities Commission of an application by the plaintiff for a certificate permitting him to operate a jitney service over certain described routes, taken to and tried by the Superior Court in New Haven County, *Keeler, J.;* facts found and judgment rendered dismissing the application and confirming the decision of the Utilities Commission, and appeal by the plaintiff. *No error.*

*George W. Crawford,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellee (defendant Connecticut Company).

*S. Fred Wetzler,* with whom was *Samuel A. Persky,* for the appellee (defendant Public Utilities Commission).

CURTIS, J. The plaintiff made application to the Public Utilities Commission under § 3 of Chapter 77 of the Public Acts of 1921, for a certificate to operate a jitney over certain specified routes.* As to each route

* Sec. 3. No person, association or corporation shall operate a jitney until the owner thereof shall have obtained a certificate from the Public Utilities Commission specifying the route over which such jitney may operate and the service to be furnished, and that the public convenience and necessity require its operation over such route. Such certificate shall be issued only after written application for the same has been made. Upon receipt of such application said commissioner shall fix a time and place of hearing thereon, which shall be in a town within

specified there were several applicants, and the Commission heard all applicants at the same time, and found that public convenience and necessity required a jitney service over the specified routes, and thereupon selected from the several applicants for certificates one applicant (not the plaintiff) as to each route, and granted a certificate to such applicant, and found that public convenience and necessity did not require the operation of the jitneys of the plaintiff on either route.

The Public Act in question is not attacked by the plaintiff as invalid for any reason. It is recognized by the plaintiff as a valid exercise of the police power of the State. The plaintiff urges, however, that the Commission, under the Act, is not authorized to select one person or company, and by granting it alone a certificate as to a certain route, to create what is in effect a monopoly.

This contention raises a question of law, that is, a question as to the construction of Chapter 77, and is therefore properly reviewable on the appeal to the

which such route or a part thereof is proposed, and shall give notice of the pendency of such application and of the time and place of hearing thereon to such applicant, the mayor of the city, the warden of the borough or the first selectmen of each town in or through which the applicant desires to operate, and to any common carrier operating over any portion of such route or over a route substantially parallel thereto, and public hearing held thereon. Any town, city or borough within which, or between which and any other town, city or borough in this State, any such common carrier is furnishing service, may bring a written petition to the commission in respect to routes, fares, speed, schedules, continuity of service and the convenience and safety of passengers and the public. Thereupon the commission shall fix a time and place for a hearing upon such petition, and shall mail notice thereof to the parties in interest and give due notice thereof at least one week prior to such hearing. The commission may amend or revoke any certificate.

Sec. 8. Any person or the officers of any association or corporation who shall violate any order, rule or regulation adopted or established under the provisions of this Act or any provision hereof, shall be fined not more than one hundred dollars or imprisoned not more than sixty days or both.

Superior Court. That court held that this claim was untenable. This was clearly correct. If there is to be any regulation of a jitney service on a route where public convenience and necessity requires jitneys, the Commission of necessity must have the power to confer on one or more persons what amounts to a monopoly. The only alternative is to permit anyone to run jitneys on the route who desires to do so, a condition which the Act was designed to terminate. It should, however, be borne in mind in this connection, that under the Act the Commission has power to supervise the holders of certificates as to their routes, fares, speed, schedules, continuity of service, and the convenience and safety of passengers and the public, with power to amend or revoke any certificate.

Turning to the plaintiff's appeal to find what other action of the Public Utilities Commission he complained of and sought to have reversed by the Superior Court, we find that in paragraph 5 he alleges that "at the time of said applications and hearing, and at the date of this petition and appeal, public convenience and necessity required the operation of a jitney over the routes embraced in the appellant's . . . applications, any other and similar service to the contrary notwithstanding," and in paragraph 7 he alleges that notwithstanding such fact his application for a certificate was denied. There is no allegation of any other claimed illegal action.

The Commission found that public convenience and necessity required a jitney service over the routes for which the plaintiff sought a certificate, and the Commission, out of several applicants for certificates for such routes, granted a certificate to one applicant for each route, and prescribed what it deemed to be adequate service for such routes, to be provided by the applicant to whom it gave the certificate.

In failing to find that public convenience and necessity required the operation of a jitney by the plaintiff over such routes, was the Commission exercising an administrative function purely, or a *quasi*-judicial function which, under the statute relating to appeals from the Commission, could properly be brought before the Superior Court for review? This leads us to briefly review the law of this State as to appeals for the acts of administrative bodies. Section 7 of Chapter 77 of the Public Acts of 1921 provides as follows: "Any person, association or corporation aggrieved by any act or order of the Public Utilities Commission may appeal to the Superior Court in the same manner and with the same effect as any person, association or corporation may appeal from orders relating to street railway corporations." This refers to General Statutes, § 3828, which in turn refers to General Statutes, § 3753, where the right of appeal is defined.* That the legis-

---

* Sec. 3828. APPEAL TO SUPERIOR COURT. Any party to any proceeding relating to street railways brought before said commission upon either original application or by appeal, aggrieved by the decision or order of said commission thereon, may appeal therefrom to the Superior Court, in the same manner as is provided in the case of appeals taken under the provisions of section 3753, and with like effect; and said court may, upon application of such street railway company, with due notice to adverse parties, amend or change any order passed by it on appeal as aforesaid.

Sec. 3753. APPEALS FROM ORDERS RELATING TO STATIONS. Any person aggrieved by any order of the commission, upon any proceeding relative to the location, abandonment or changing of stations to which he was or ought to have been made a party, may appeal from such order to the Superior Court of the county in which the cause of appeal shall arise, within thirty days after the publication of such order, by a petition in writing, with a proper citation signed by competent authority to all parties to said proceedings having an interest adverse to him, to be served upon them at least twelve days before the return day. Said court may hear said appeal and re-examine the question of the propriety and expediency of the order appealed from, either by itself or a committee, and shall proceed thereon in the same manner as upon complaints for equitable relief; and in case said order is not affirmed, may

lature intended in § 3753 to give an appeal that should
be plenary, seems apparent.  But such legislative
intent does not conclusively establish the authority
of the Superior Court to hear *de novo*, both as to facts
and law, the matter heard by the Commission.  In
*Spencer's Appeal*, 78 Conn. 301, 305, 61 Atl. 1010,
under a similar state of facts, we stated, in effect,
what we had repeatedly held before, that under the
Constitution of this State, which confides the powers
of government to three separate and distinct depart-
ments, the legislative, the executive, and the judicial,
the General Assembly cannot authorize the courts
to exercise powers which are clearly administrative and
not incidental to the discharge of any legitimate ju-
dicial function; and held that an administrative ques-
tion pure and simple could not constitutionally be
made the subject-matter of judicial determination, and
that a statute purporting to give the Superior Court
jurisdiction of such a matter by an appeal from an
administrative body, was to that extent null and void.
An appeal from an administrative body to a court may
be given as a convenient method of bringing before the
courts such judicial questions as may arise in the pro-
ceedings and action of an administrative body, instead
of leaving the interested party to such relief as he may
secure by injunction, by *mandamus* or by other legal
remedy.  When such appeals are taken from orders
passed by an administrative body in the exercise of a
purely administrative function, the only question which
the court can inquire into is whether the tribunal in
question has acted illegally, or has exceeded or abused

make any other order in the premises that it may deem proper and which
might have been made by the commission, and may award costs at its
discretion.  Such appeal shall be a *supersedeas* of the order appealed
from until the final action of the court thereon, and said final order may
be enforced by said court by attachment, *mandamus* or otherwise, as it
shall deem proper.

its powers.. In *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 478, 91 Atl. 442, we said: "There seems to be no reason why a *quasi*-judicial function—that is, one which may constitutionally be exercised either by the courts or by an administrative tribunal—may not, by a plain expression of legislative intent, be committed to an administrative tribunal in the first instance, and then, at a second stage of the proceedings, to the courts for the purpose of review." *Hopson's Appeal*, 65 Conn. 140, 31 Atl. 531, and *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 91 Atl. 442, are instances of the review by a court of the exercise of a *quasi*-judicial function by an administrative body. Where the action of an administrative body involves only a purely administrative matter, the court, on a statutory appeal from such a body, has before it only the question, if properly raised, whether the body has acted illegally or has exceeded or abused its powers; otherwise the action of an administrative body involving only an administrative matter, is to be accepted as final. The question whether such a body has acted illegally or has exceeded or abused its powers, would involve such questions, among others, as whether its action was beyond its statutory powers, or was beyond its jurisdiction, or whether it had acted arbitrarily as without notice and due hearing. *Interstate Commerce Com.* v. *Union Pac. R. Co.*, 222 U. S. 541, 32 Sup. Ct. 108; *Interstate Commerce Com.* v. *Illinois Central R. Co.*, 215 U. S. 452, 30 Sup. Ct. 155. In *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287, 289, 40 Sup. Ct. 527, the United States Supreme Court has held, in effect, that in orders by an administrative body fixing rates or imposing expenditures, if a person or corporation claims that confiscation of its property will result, the State must provide a fair opportunity (by appeal or otherwise) for submitting the issue to a judicial tribunal for determination upon its

own independent judgment as to both law and fact; otherwise the order is void because in conflict with the "due process" clause of the Fourteenth Amendment. Under this ruling the case of *Root* v. *New Britain Gas Light Co.*, 91 Conn. 134, 99 Atl. 559, falls, in so far as it required a plenary hearing of the appeal.

Under our law as to appeals from administrative bodies, if the Commission had found that public convenience and necessity did not require a jitney service over either of the routes applied for, we should have deemed that it was an arguable question whether such a decision as to either route was a *quasi*-judicial question, and hence subject to review on appeal. But that question having been decided in the affirmative in accord with the plaintiff's contention, we deem it obvious that the subordinate questions as to which of several applicants should receive a certificate for such route, and the extent of jitney service that was required over the route, were purely administrative questions; and that in so far as the exercise of such purely administrative functions were the matters complained of on the appeal, the only legal course open to the Superior Court was to dismiss the appeal. The fact that the Superior Court investigated the matter *de novo* and confirmed the action of the Commission, is immaterial, since it finally took the only action that the law permitted, and dismissed the appeal.

There is no error.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.