The State *v.* Darazzo.

--------

THE STATE OF CONNECTICUT *vs.* LOUIS DARAZZO.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Subject to constitutional limitations, the legislature has the power to require a license for the transaction of any business, for the purpose of its regulation in the public interest.

It is competent for the legislature to prescribe general rules for the regulation of the so-called jitney traffic in this State (Public Acts of 1921, Chap. 77), and to commit their enforcement to an administrative body such as the Public Utilities Commission; and the mere fact that such Commission has to decide, after a hearing and the submission of evidence, whether public convenience and necessity requires a jitney service over a route specified in an application for a certificate, and if it does, how many, and whose, motorvehicles shall be authorized to operate thereon, does not confer upon it an arbitrary unrestrained discretion in granting or refusing certificates to jitney owners, nor clothe it with legislative and judicial powers in violation of the Constitution of Connecticut;

nor is one who is fined for a violation of the Act deprived of his property without "due process of law," or denied the "equal protection of the laws" guaranteed to him by the Fourteenth Amendment of the Constitution of the United States.

The peculiar province of a so-called administrative body acting under legislative sanction in regulating the conduct of any business, is to decide questions of fact upon evidence presented to it, a function which the legislature cannot conveniently perform.

Section 8 of the Act of 1921 provides that anyone who shall violate "any order, rule or regulation adopted or established under the provisions of this Act or any provision hereof" shall be fined, etc. *Held* that the phrase "or any provision hereof," referred to a violation of any provision of the Act, and not to the violation of a rule or regulation adopted by the Public Utilities Commission under sanction of the Act; the absence of a comma before the phrase in question not being a sufficient warrant for defeating the obvious and reasonable construction of the Act.

The information was also demurred to as vague and indefinite. *Held* that in view of the language of the Act, which the information followed in describing the offense, there was no foundation for this ground of demurrer.

Courts are not concerned with the propriety of legislation but only with its legal effect and constitutionality.

Argued June 8th—decided August 4th, 1922.

INFORMATION for operating, upon a certain highway in the town of New Haven, a jitney whose owner had not obtained a certificate from the Public Utilities Commission specifying the route over which such jitney might run, brought to the Criminal Court of Common Pleas in New Haven County where a demurrer to the complaint was overruled (*Booth, J.*) and judgment of guilty was afterward rendered (*Simpson, J.*), from which the accused appealed. *No error.*

*Robert J. Woodruff*, for the appellant (the accused).

*Edwin S. Pickett*, Prosecuting Attorney, for the appellee (the State).

CURTIS, J. Chapter 77 of the Public Acts of 1921, concerning public service motor-vehicles operating

over fixed routes, provides, in part, as follows: "Section 1. The term 'public service motor vehicle' shall include all motor vehicles used for the transportation of passengers for hire. The term 'jitney' shall include any public service motor vehicle operated in whole or in part upon any street or highway in such manner as to afford a means of transportation similar to that afforded by a street railway company, by indiscriminately receiving or discharging passengers; or running on a regular route, or over any portion thereof; or between fixed termini. Sec. 2. Every person, association or corporation owning or operating a jitney is hereby declared a common carrier and subject as such to the jurisdiction of the public utilities commission, and, while so operating, to such reasonable rules and regulations as said commission may prescribe with respect to routes, fares, speed, schedules, continuity of service and the convenience and safety of passengers and the public. Sec. 3. No person, association or corporation shall operate a jitney until the owner thereof shall have obtained a certificate from the public utilities commission specifying the route over which such jitney may operate and the service to be furnished, and that the public convenience and necessity requires its operation over such route. . . . Sec. 8. Any person or the officers of any association or corporation who shall violate any order, rule or regulation adopted or established under the provisions of this Act or any provision hereof, shall be fined not more than one hundred dollars or imprisoned not more than sixty days or both."

Each count in the information is identical, except as to the highway or time. The first count reads: "Edwin S. Pickett, Prosecuting Attorney of the Criminal Court of Common Pleas of New Haven County, now here in court, information makes that at the town of New

Haven, within the county of New Haven, on the tenth day of October, 1921, Louis Darazzo of New Haven, with force and arms, did then and there operate a jitney upon a certain highway of this State, located in the town of New Haven and known as Forbes Avenue, the owner of said jitney not having obtained a certificate from the Public Utilities Commission of this State specifying the route over which such jitney might operate and the service to be furnished, and that the public convenience and necessity require its operation over such route, against the peace, of evil example, and contrary to the Statute in such case made and provided."

The demurrer of the defendant to the information was in the following terms: "1. The same is insufficient in the law.   2. Said complaint is vague and indefinite, and fails to inform the accused of the precise crime with which he is charged.   3. The Act under which said complaint is drawn fails to provide a penalty for operating a jitney without a certificate.   4. The Act under which said complaint is drawn is unconstitutional and violates the rights of the accused under the Constitution of the United States and of the State of Connecticut, in that it deprives the accused of his property without due process of law, deprives the accused of the equal protection of the laws, and confers upon a subordinate commission powers which are arbitrary, and unlawfully confers legislative and judicial powers and functions upon said commission, to wit: The Public Utilities Commission of the State of Connecticut."

We will consider first the constitutional questions. The defendant contends that the Act is unconstitutional for the following reasons:   1. Because it delegates legislative power to an administrative body.   2. Because it confers an unregulated discretion and arbitrary power upon the commission, in that it fails to fix a standard to guide their rulings.

The legislature has the power to require a license for the transaction of any business, for the purpose of regulating the conduct of it, as public interest may demand. *State* v. *Conlon*, 65 Conn. 478, 483, 33 Atl. 519. This power, however, is, in the manner of its exercise, subject to the limitations embodied in the Constitution of the United States and that of Connecticut. *Idem*, p. 484. The use of highways by jitneys, that is, by common carriers using motor-vehicles, obviously subjects the highway to special wear and tear, and tends to cause obstruction of traffic and danger of accidents. Such a special use of highways, especially for profit, is a recognized subject for legislative regulation. Freund on Police Power, §§ 172, 173; *Cotter* v. *Stoeckel*, 97 Conn. 239, 116 Atl. 248; *New Orleans* v. *Le Blanc*, 139 La. 113, 71 So. 248. All suggestions as to the propriety of the legislation are obviously immaterial. We can only consider the legal effect of the Act, and whether it invades a right secured by constitutional enactment. *State* v. *Conlon*, 65 Conn. 478, 484, 33 Atl. 519. The defendant contends that the Act is unconstitutional because it involves a delegation of legislative power to the Public Utilities Commission, and also confers on the Commission the power to grant the certificate prescribed by the Act to one and refuse it to another in pursuance of a discretion unguided and unrestrained by law, contrary to the constitutional principles of this State as laid down by our courts. *State* v. *Conlon*, 65 Conn. 478, 33 Atl. 519; *State* v. *Coleman*, 96 Conn. 190, 113 Atl. 385. We turn to the Act to discover whether the legal effect of it is to give the Commission legislative power, or power to grant certificates in pursuance of a discretion unguided and unrestrained by law. Section 3 of the Act defines the conditions under which certificates are to be issued by the Commission. This section, read in the light of

the sections of the Act quoted above, and the Act concerning motor-vehicles (Public Acts of 1921, Chap. 400), discloses that the legislature has not delegated any legislative power to the Public Utilities Commission, but has defined the duties of the Commission with great particularity. The Act provides the precise conditions under which a certificate can be issued. The route must be one where public convenience and necessity require the operation of a jitney; public convenience and necessity must also require the operation of the jitney of the applicant over the route. This relates particularly to the number of jitneys to be operated over the route. Furthermore, no certificate can be issued unless a written application for it has been filed and all parties in interest have been notified to appear and be heard upon the question whether, upon the route specified in the application, public convenience and necessity require the operation of a jitney or jitneys, and whether public convenience and necessity require the operation of the jitney of this applicant over such route. The Act also gives the applicant a right of appeal to the Superior Court where the action of the Commission may be reviewed, in so far as it involved a judicial or *quasi*-judicial question. *Modeste v. Public Utilities Com.*, 97 Conn. 453, 117 Atl. 494.

The mere fact that an administrative body, like the Commission, has to decide some contested question of fact upon evidence presented, which decision is conclusive, does not make their action a matter of discretion and arbitrary, unless we use these words in a sense that would class the decision of a court upon a contested question of fact as a matter of discretion and arbitrary. If the Commission, upon an application, refused to hold a hearing or to give notice of a hearing, or otherwise acted contrary to the provisions of the Act, such action would be subject to correction on an

appeal. *Idem,* 97 Conn. 453, 117 Atl. 494. The claim of the defendant seems to be that the legislature should have defined what conditions would constitute common convenience and necessity, both as to the route and the use of the jitney of the applicant. It seems apparent that this claim presents a legislative impossibility. The legislature, in defining the duties of an administrative body, can ordinarily only give it general rules for its guidance, by defining certain ultimate facts which it must find to exist before taking certain prescribed action; and afford an appeal to the courts for the correction of any illegal action, that is, any erroneous action as to a judicial or *quasi*-judicial matter. The legal effect of the Act is not to give the Commission legislative power, or an unguided and unrestrained discretion as to the issuance of certificates to jitney owners. The defendant contends that because the Commission can, under the Act, grant a certificate to some owners of jitneys and refuse it to others, the Act is, in effect, a prohibition of a lawful calling and invalid. This contention, carried to its logical conclusion, would prohibit the regulation of jitney traffic both as to route and the number allowed to operate on any route. To satisfy the requirements that logically result from the contention of the defendant, this Act should have specified all routes in the State where jitneys should be permitted, and the Commission directed to merely perform the ministerial act of issuing a certificate to any owner of a jitney to operate upon any specified route that he selected. This would be the negation of regulation. The power to decide, upon evidence, an ultimate fact, in accord with general rules of guidance specified by the legislature, is a necessary power to be given to an administrative body to make the use of such a body possible in the conduct of public business. The peculiar province of an administrative body acting under

legislative sanction in the regulation of the conduct of any business, is to decide questions of fact upon evidence presented to them, a function which the legislature cannot conveniently perform. To hold that a so-called administrative body can constitutionally be authorized by the legislature to perform ministerial acts only, would be contrary to all precedents and deprive the State of the use of an essential arm of service.

The defendant contends that the Act is not enforceable because it "fails to provide a penalty for operating a jitney without a certificate." The Act provides as follows: "Sec. 8. Any person or the officers of any association or corporation who shall violate any order, rule or regulation adopted or established under the provisions of this Act or any provision hereof, shall be fined not more than one hundred dollars or imprisoned not more than sixty days or both." The defendant claims that the term "or any provision hereof" in this section, does not refer to a violation of any provision of the Act, but to any rule or regulation established under the Act, relying for this construction upon the absence of a comma before that term. To subject the obvious and reasonable construction of the Act to defeat because of the absence of a comma at the place suggested, would be an interpretation of unwarranted refinement.

The second ground of demurrer, that the information is vague and indefinite, is without foundation in view of the terms of the Act and of the information. The reasons of appeal are not well taken.

There is no error.

In this opinion the other judges concurred.