JOHN KRAM *v.* THE PUBLIC UTILITIES COMMISSION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 8—decided April 16, 1940.

*Charles Suisman,* for the appellant (plaintiff).

*Richard F. Corkey,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

AVERY, J.   This action is an appeal by the plaintiff to the Superior Court from an order of the public utilities commission revoking the plaintiff's license to operate taxicabs in New London.   In the Superior Court, the case was heard upon the record certified to the Superior Court by the commission.   Upon the record so certified, the Superior Court held that the plaintiff had a fair hearing before the commission, that the evidence certified by it supported its finding, and that the finding justified the order revoking the plaintiff's certificate.   The court further found that the order was proper, expedient and legal, and not arbitrary or unreasonable, and could not be set aside upon equitable grounds; and entered judgment dismissing the appeal.   From this judgment, the plaintiff has appealed.   The fundamental claim of the plaintiff upon this appeal is that in revoking his license to operate

taxicabs the public utilities commission was acting not in an administrative capacity but in a quasi-judicial capacity, that in an appeal to the Superior Court from a proceeding of this character the plaintiff was entitled in the Superior Court to a trial of his case de novo, and that the procedure followed by the court was unauthorized by the statute and violated the plaintiff's constitutional rights. The applicable statute, General Statues, Cum. Sup. 1935, § 1414c(g), is appended in the footnote.[1]

From the record certified to the Superior Court by the public utilities commission, these facts appear: The plaintiff was a holder of a license issued by the public utilities commission to operate four taxicabs in

[1] An appeal shall be allowed to the superior court from any order, authorization or decision of the commission. Such appeal shall be brought by a complaint in writing, stating fully the reasons therefor, with a proper citation, signed by competent authority, and shall be served at least twelve days before the return day upon the secretary of the commission and upon all parties having an interest adverse to the appellant. Such appeals shall be brought to the next return day or next but one of said court after the filing of such appeal. The commission shall forthwith, after service of notice of any appeal, prepare and file, in the court to which such appeal is taken, a copy of such portions of the record of the case from which such appeal has been taken as may appear to the commission to be pertinent to such appeal, with such additions as may be claimed by any party in interest to be essential thereto, certified by the secretary or assistant secretary of the commission. The court, upon such appeal, shall review, upon the record so certified, the proceedings of the commission and examine the question of the legality of the order, authorization or decision appealed from and the propriety and expediency of such order, authorization or decision so far as said court shall have cognizance of such subject and shall proceed thereon in the same manner as upon complaints for equitable relief. If, upon hearing such appeal, it shall appear to the court that any testimony has been improperly excluded by the commission or that facts disclosed by the record are insufficient for the equitable disposition of the appeal, it shall refer the case back to the commission to take such evidence as it may direct and report the same to the court, with the commission's findings of fact and conclusions of law.

taxi service originating within the town and city of New London. He was cited to appear before the commission on April 19, 1937, to show cause why his license should not be revoked and cancelled or suspended. The citation was served on the appellant and specified nine alleged violations by him or drivers in his employ of rules and regulations of the commission in operating his cabs at rates less than those established by the commission and for specific or flat-rates or fares differing from the fares which should have been charged if determined by meters, as required by the commission and at the rates established by it, and in operating three of his cabs with meters which were defective and not in operation. The alleged violations covered a period from October 30, 1936, to February 13, 1937, and were set forth in detail in the citation. At the hearing held by the commission on April 19, 1937, the plaintiff appeared with counsel. He admitted the violations alleged with respect to operating his cabs with meters which were defective and not in operation, and one violation with respect to "flat-rates." Evidence was introduced tending to prove the other alleged violations. The plaintiff introduced evidence concerning only one of the alleged violations, and during the course of his testimony admitted other violations than those contained in the citation. Based upon the evidence presented at the hearing and the admissions of the plaintiff, the commission, on May 5th, issued an order revoking the plaintiff's license to operate a taxicab service. Thereafter the plaintiff made an application for a rehearing on the charges made against him, which was denied by the commission. From the rulings of the commission revoking his license and denying his application for a rehearing, the plaintiff brought an appeal to the Superior Court. Upon the filing of the appeal, the com-

mission caused a record of the entire proceedings before it in this case to be certified to the Superior Court, together with its findings and orders in the matters of three other taxicab operators in New London, against whom charges had been filed at the same time as those against the plaintiff, and to which reference had been made in the plaintiff's appeal. The court, Simpson, J., denied a motion by the plaintiff to dismiss the record on appeal so certified, and granted a motion by the plaintiff to amend the record on appeal by ordering transcripts of the testimony taken by the commission in the cases of the other operators to be filed in connection with the record on this appeal, without, however, passing upon the question of whether or not the records in the other cases were material and relevant to this case; and the commission thereupon certified transcripts of the testimony taken by it in the cases of the other operators in addition to the testimony taken in the present case.

Under subsection (i) of § 1414c of the 1935 Cumulative Supplement, § 3610 of the General Statutes, which governed the procedure on appeals from the commission is repealed. The important change in the procedure on appeal is that the commission shall prepare a record of its proceedings, and the court shall review the proceedings of the commission "upon the record so certified," remitting the cause to the commission if evidence was improperly excluded by it or if the facts disclosed by the record are insufficient for an "equitable disposition of the appeal." Otherwise, the provisions concerning the manner of review by the court on appeal are the same as those formerly provided by General Statutes, § 3610. In construing a provision relating to an appeal from the railroad commissioners, predecessor to the public utilities commission, General Statutes, Revision of 1902, §§ 3747 and

3834, we said: "By the appeal, taken under § 3834, the Superior Court is not empowered to try de novo the questions properly submitted to the railroad commissioners as an administrative tribunal. One may properly be said to be 'aggrieved,' within the meaning of that word in § 3834, when his property rights are injuriously affected by the unauthorized or irregular acts of the commissioners. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 34, 78 Atl. 587. In taking and prosecuting an appeal under this section, the so-called appellant assumes a position similar to that of a plaintiff in an action in equity, with the burden of showing that the railroad commissioners acted without authority, or irregularly. Section 3834 provides that the appeal shall be taken in the same manner as appeals taken under § 3747, and with like effect; and § 3747 provides that the appeal shall be by a petition in writing, etc., and that the court 'shall proceed thereon in the same manner as upon complaints for equitable relief.' " *Stevens* v. *Connecticut Co.*, 86 Conn. 36, 41, 84 Atl. 361. In construing Public Acts of 1911, Chapter 128, § 31 (the Public Utilities Act), we said: "This section appears to have been drawn with careful regard to the decisions of this court as to the nature of so-called appeals from administrative tribunals, and as to the limitations on the jurisdiction of our courts in passing on such appeals. It recognizes the fact that such appeals are in the nature of original applications to the Superior Court, by directing them to be proceeded with in the same manner as complaints for equitable relief. *Malmo's Appeal*, 72 Conn. 1, 6, 43 Atl. 485; *Moynihan's Appeal*, 75 Conn. 358, 360, 53 Atl. 903; *Coles' Appeal*, 79 Conn. 679, 680, 66 Atl. 508. It also recognizes the fact that when such appeals are taken from orders passed in the exercise of a purely executive function, the only question which the court

can inquire into is whether the tribunal in question has acted illegally, or has exceeded or abused its powers." *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 478, 91 Atl. 442.

While the plaintiff argues in his brief that a hearing upon an appeal from an administrative board in which the question of constitutionality is raised must be such that the court can review the matter de novo and exercise its independent judgment, he makes no claim of unconstitutionality which would make such a principle applicable in this case. He does claim that the proceedings to revoke his certificate are so far judicial in their nature that on appeal the court must receive evidence and hear the matter de novo. The action of the commission in revoking his certificate was just as much an administrative matter as its action in originally granting that certificate to him. *State ex rel. Chapman* v. *State Board of Medical Examiners*, 34 Minn. 387, 390, 26 N. W. 123; *People ex rel. State Board of Health* v. *Apfelbaum*, 251 Ill. 18, 26, 95 N. E. 995; *Meffert* v. *Medical Board*, 66 Kan. 710, 718, 72 Pac. 247; *Horton* v. *Clark*, 316 Mo. 770, 293 S. W. 362. In *Hurwitz* v. *North*, 271 U. S. 40, 42, 46 Sup. Ct. 384, 385, the revocation of the license of a physician by the state board of health of Missouri was sustained, although under the Missouri statute the action of the board was reviewable only on certiorari; and in that state the writ of certiorari brings before the court only the records of the proceedings of the tribunal to which it is addressed, and the issues presented would be no broader than those presented upon an appeal from an administrative board in this state. *State ex rel. Ruppel* v. *Wiethaupt*, 254 Mo. 319, 329, 162 S. W. 163; *State ex rel. Summerson* v. *Goodrich*, 257 Mo. 40, 48, 165 S. W. 707. See also *Mathews* v. *Hedlund*, 82 Neb. 825, 119 N. W. 17. On appeals from administrative boards

where no such statutory provision as the one before us was involved, we have held that the issue before the court was whether on the situation before the board it acted properly; that with a full transcript of the proceedings before the board the decision could be made upon the record; and that lacking such a record the court may hear evidence and find facts upon the assumption that those were the facts upon which the board acted. *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 526, 191 Atl. 98; *Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137. Section 1414c merely requires a procedure which we have already approved as proper in appeals from administrative boards. The provision for transmission of the record of the commission to the court on an appeal affords an added indication that trial de novo is not contemplated. The words of the statute, that the court "shall proceed thereon in the same manner as upon complaints for equitable relief," do not refer to the manner in which the case should be presented to the Superior Court on appeal but mean that upon the facts as developed upon the record the court should dispose of the issues upon equitable principles. *Norwalk* v. *Connecticut Co.,* 89 Conn. 537, 543, 94 Atl. 988. In an appeal of this nature, under repeated decisions of this court, the Superior Court does not retry disputed questions of fact decided by the board but determines whether the commission in the case before it has acted illegally or has exceeded or abused its power or acted arbitrarily or without notice and a reasonable opportunity to be heard. *Connecticut Co.* v. *Norwalk,* 89 Conn. 528, 532, 94 Atl. 992; *State* v. *Darazzo,* 97 Conn. 728, 734, 118 Atl. 81; *Norwalk* v. *Connecticut Co.,* 88 Conn. 471, 478, 91 Atl. 442; *Huntington Telephone Co.* v. *Public Utilities Commission,* 118 Conn. 71, 80, 170 Atl. 679;

*Malmo's Appeal* 72 Conn. 1, 6, 43 Atl. 485; *Anniston Mfg. Co.* v. *Davis*, 301 U. S. 337, 350, 57 Sup. Ct. 816.

The claim of the plaintiff that the rates for taxicab service as originally adopted amounted to an improper exercise of power is without merit. It appears that these rates were adopted on February 26, 1931, by the commission after agreement with substantially all the certificate holders in the New London area and all parties in interest were notified of the order by the commission. General Statutes, Cum. Sup. 1935, § 1426c, provides that any interested party may bring a written petition to the commission in respect to fares, service, operation, etc., of taxicabs, and the commission thereupon shall fix a time for and hold a hearing. It does not appear that the plaintiff at any time sought to modify in any particular the provisions of the order of February 26, 1931, as to rates or other conditions, and his claim at the present time that the rates were established without sufficient notice to him does not merit consideration.

There is no error.

In this opinion the other judges concurred.