DONALD COPPOLA ET AL. *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

INGLIS, C. J., WYNNE, DALY, MELLITZ and SHANNON, Js.

Argued November 4, 1955—decided January 3, 1956

*Arthur Levy, Jr.,* with whom, on the brief, was *Irwin E. Friedman,* for the appellants (plaintiffs).

*W. Bradley Morehouse,* for the appellee (defendant The Stratford Industrial Corporation).

*Robert G. Fracasso,* with whom, on the brief, was *Thomas J. O'Sullivan,* for the appellee (named defendant).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (defendant public utilities commission).

*Raymond W. Ganim*, with whom, on the brief, was *Henry J. Lyons*, appeared for the appellee (defendand town of Stratford).

*Hugh A. Hoyt* joined in the brief in behalf of the appellee (defendant Stratford Chamber of Commerce).

INGLIS, C. J. On August 26, 1954, the public utilities commission, acting pursuant to § 5520 of the General Statutes,[1] approved a proposal set forth in a petition made to it by the town manager and town attorney of Stratford, pursuant to the direction of the town council of that town, for authority to construct an industrial sidetrack at grade across Stratford Avenue, Avon Street, Moffett Street, Mead Street, Stag Street and Great Meadows Road in the town of Stratford, subject to later approval by the commission of final plans and methods of construction. From this decision the plaintiffs, owners of land used as a pleasure park fronting on Stratford Avenue and bounded by the right of way of the proposed sidetrack where it would cross that highway, appealed to the Superior Court. The court rendered judgment dismissing the appeal.

At the hearing held by the commission after due notice, evidence was presented which warranted it in finding facts which may be briefly summarized as follows: The proposal for the construction of the sidetrack has been under discussion for a great many years. Recently, the Stratford Industrial Cor-

---

[1] "Sec. 5520. COMMERCIAL SIDETRACKS AT GRADE. The commission, on the application in writing of the selectmen of any town, the mayor and common council of any city or the warden and burgesses of any borough, may make all necessary orders concerning the laying of commercial or industrial sidetrack or sidetracks, at grade, upon or across any highway within the limits of such town, city or borough."

poration, a private corporation, acquired the easements necessary for the construction of the sidetrack. Its existence would open for development between 1000 and 1500 acres of land zoned for light and heavy industry, and there is need for additional land available for that use. The construction of the sidetrack would be of great benefit to the entire Bridgeport and Stratford area.

The principal controversy both before the commission and in the trial court was over the question whether the sidetrack should be permitted to cross Stratford Avenue at grade. That highway is a part of route 1 and is heavily traveled. With special reference to that crossing, the commission found that because of the proximity of the main line to Stratford Avenue at the proposed location of the sidetrack it would be impracticable to construct the sidetrack in such a manner as to cross Stratford Avenue by means of either an underpass or an overpass.

The appeal to the Superior Court was taken pursuant to § 5427 of the General Statutes. Upon such an appeal, the only question before the court is whether the commission acted illegally or in excess or abuse of its powers. *Kram* v. *Public Utilities Commission*, 126 Conn. 543, 548, 12 A.2d 775; *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 478, 91 A. 442.

The main contention of the plaintiffs is that the action of the commission was illegal because the avowed policy of the state is, they claim, to avoid and eliminate railroad crossings at grade over highways. To support their claim that this is the public policy of Connecticut, they rely on the fact that there are several statutes on the books authorizing the commission to direct the elimination of grade crossings. General Statutes §§ 2252, 5489, 5490, 5502. None of these statutes go so far as to make it

mandatory for the commission to order the elimination of grade crossings. By each of them the power is vested in the commission to make such orders relative to elimination or alteration as the commission deems necessary for the protection of the safety of the public. It can hardly be said, therefore, that the statutory law of this state establishes a policy that no crossing at grade should be permitted.

It is true that in *Waterbury's Appeal,* 84 Conn. 581, 80 A. 797, decided in 1911, we held that the railroad commissioners, the predecessors of the public utilities commission, were not empowered to authorize the construction of a private spur track crossing highways in Waterbury at grade. This decision was put upon two grounds: first (p. 589), that there was then no statute which empowered the commissioners to grant authorization for a private spur track at all, and second (p. 585), that it had been the policy of the state to discourage all grade crossings. Immediately after this decision, however, and obviously because of a desire to change the law laid down in it, the General Assembly enacted the prototype of the present § 5520. Public Acts 1911, c. 288. By this enactment, the public utilities commission not only was authorized to make all necessary orders concerning the laying of commercial or industrial sidetracks but also was specifically authorized to permit the laying of such sidetracks at grade across any highway. Thus, by this enactment the legislature determined that it should no longer be the public policy of the state to prohibit such sidetracks from crossing highways at grade but rather such crossings would be permitted when authorized by the commission. The statute enacted in 1911 has remained in substantially the same form ever since. See Rev. 1918, § 3634; Rev. 1930, § 3699; Rev. 1949, § 5520.

It follows that the commission now has the power to authorize the laying of an industrial sidetrack which crosses a highway or highways at grade, and there is no consideration of public policy which precludes its doing so.

One other contention is made by the plaintiffs. It is that the commission was not empowered to grant the application for authorization of the sidetrack because it was made by the authorized representatives of, and on behalf of, the town council and not by the selectmen of the town as § 5520 prescribes. It is a sufficient answer to this contention that it does not appear in the record that any such claim was made in the trial court. Aside from this, however, by special act of the General Assembly all of the statutory powers of selectmen are to be exercised in the town of Stratford by the town council. 18 Spec. Laws 1048 § 1, 1050 § 7. It was therefore competent for the town council to make an application to the public utilities commission under § 5520.

The trial court was correct in concluding that under all the circumstances as found by the commission the decision made by it was neither arbitrary nor unreasonable.

There is no error.

In this opinion the other judges concurred.