BROOK LEDGE, INC., ET AL. *v.* PUBLIC UTILITIES COMMISSION ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 10—decided October 28, 1958

*Hugh M. Joseloff* and *Thomas W. Murrett,* for the appellants (plaintiffs).

*Abner W. Sibal,* for the appellee (defendant Barry).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (named defendant).

BALDWIN, J. The public utilities commission, acting pursuant to General Statutes § 5676, granted a certificate of public convenience and necessity to William J. Barry of Norwalk for the operation of common carrier vehicles for the transport of horses,

ponies and equipment incidental thereto upon the highways of this state. This appeal is from the judgment of the Superior Court dismissing the appeal of the plaintiffs Brook Ledge, Inc., a New Jersey corporation, and Nyconn Horse Transportation Corporation, a New York corporation. It raises two issues of law: (1) Was there competent evidence to support the commission's conclusion that public convenience and necessity required the service for which the certificate was sought? (2) Could the commission issue the certificate after having denied an identical application some eleven months before?

Section 2638d of the 1955 Cumulative Supplement provides, inter alia, that in passing upon an application for a certificate to operate a motor common carrier the commission shall take into consideration "the public need for the service the applicant proposes to render." The commission concluded that public convenience and necessity required the granting of the permit. The plaintiffs challenge this conclusion. Upon an appeal under General Statutes § 5427, the court, as in appeals from other administrative boards and agencies, cannot retry the cause but can determine only whether the commission has acted illegally or abused its powers. *Coppola* v. *New York, N.H. & H.R. Co.,* 143 Conn. 109, 112, 119 A.2d 730; *Kram* v. *Public Utilities Commission,* 126 Conn. 543, 548, 12 A.2d 775. A conclusion of the commission not legally supported by the evidence would constitute an abuse of its powers. The weight and credibility of the evidence offered are, however, matters within the province of the commission. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 264, 140 A.2d 874; *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218, 221, 104 A.2d 890; *Paley* v. *Connect-*

*icut Medical Examining Board,* 142 Conn. 522, 528, 115 A.2d 448; *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 67, 111 A.2d 1; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 66, 127 A.2d 48.

There was evidence that the plaintiffs' headquarters and equipment were located outside of this state until shortly before the hearing on this application, when the plaintiff Brook Ledge, Inc., made a horse van available in Greenwich; that their availability for service was not well known; that their business was largely of an interstate character; that one of the plaintiffs was not interested in doing business throughout the entire state; and that the service offered by Barry would be more convenient to prospective Connecticut users and was needed. The trial court properly sustained the commission's conclusion, upon its record, that there was a public need for the service offered by Barry. The plaintiffs' claim that the commission failed to find that Barry was a suitable person, as required by § 2638d of the 1955 Cumulative Supplement, was not included in their assignments of error. Nevertheless, having considered it, we conclude that it has no merit and requires no discussion. General Statutes § 5688.

The plaintiffs claim that the commission abused its power in granting Barry's application because only eleven months before it had denied a like application. They rely upon *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 22, 20 A.2d 412, and *Hoffman* v. *Kelly,* 138 Conn. 614, 616, 88 A.2d 382. The rule stated in those cases is a salutary one but it has necessary and logical limitations. In *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789, we pointed out that its strictures did not necessarily apply to the actions of a local legislative body. See *Wade* v.

*Town Plan & Zoning Commission,* 145 Conn. 592, 597, 145 A.2d 597. In *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619, we said: "The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former. And it is for the administrative agency, in the first instance, to decide whether the requested relief in both applications is substantially the same." The rule does not apply with its full vigor to decisions of the public utilities commission. General Statutes § 5399 provides that the commission "may, at any time, for due cause shown, upon hearing had after due notice to all parties in interest, rescind, reverse or alter any decision, order or authorization by it made." If the commission under this statute can reverse its decisions for due cause shown, it certainly follows that upon a new application, albeit for the same privilege, it can reach a different result. The phrase "for due cause shown" is the crucial one. In its finding in the instant case, the commission takes notice of its previous denial of Barry's application and states that it "was predicated upon the Commission's determination at that time that the applicant had not sustained his burden of proof to show that there was a need for horse van service, which need was not being fulfilled by certificated carriers." The fair inference from this statement is that while Barry failed to establish public convenience and necessity upon his first application, he did so upon his second because at the hearing on the latter stronger evidence was presented or additional reasons in support of the application were given. The statutes place no limitation upon the number of successive applications for authority to provide a public transportation service which may be filed by a

single applicant. It is the duty of the commission to hear and decide them upon the circumstances and conditions as they appear to be at that time. The court did not err in sustaining the commission on this ground of claimed error.

There is no error.

In this opinion the other judges concurred.