ZIGMONT SZESTOWICKI *v.* WATER RESOURCES COMMISSION ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 116941

Memorandum filed October 27, 1959

*Copp & DuPont,* of New London, for the plaintiff.

*Albert L. Coles,* attorney general, and *Raymond J. Cannon,* assistant attorney general, for the defendants.

TROLAND, J. This is an appeal from a decision of the water resources commission denying plaintiff a permit for the construction of piers to be built adjacent to his upland at Willow Point, on the Mystic River in the town of Groton, and for certain dredging in the Mystic River in conjunction therewith. Plaintiff filed his application for a permit on October 28, 1958, and on November 17, 1958, said application was denied. Thereafter plaintiff requested a hearing before the commission, and a public hearing was held thereon February 16, 1959. On March 11, 1959, the commission published its decision denying the application.

The water resources commission as the representative of the state of Connecticut has been given broad powers with reference to the use of navigable waters within or partially within the state. Rev. 1958, §§ 25-1, 25-3, 25-5, 25-7. Although the statutes fixing the powers and duties of the water resources commission seem to emphasize flood control, erosion and pollution on navigable streams, it is also clear that it has jurisdiction over river and harbor improvements, obstructions or encroachments in any of the navigable waters or tributaries within the state, and matters kindred thereto, except that the legislature has specifically provided that the powers of the commission do not apply to the waters of New Haven harbor. §§ 25-5, 25-7.

The complete record of the proceedings and actions taken by the commission on this application is

before the court. It appears that upon the application of the plaintiff the commission sent notices of the same to persons owning adjacent land, to the town authorities in Groton and to the division engineer, corps of engineers, United States army, engineer division, New England, which also has jurisdiction over navigable waters of the United States. The commission caused the site of proposed construction to be visited and inspected by its principal engineer, who reported that the project would seriously interfere with navigation and that floating structures proposed as a part thereof would constitute a menace to adjoining properties in time of violent storm.

Plaintiff's land fronts on a small semi-circular cove. The abutting owners as well as plaintiff have small piers extending into the waters for varying distances up to 120 feet. Plaintiff proposed to construct and extend two lines of piers, piles and accessory floats for a distance of 400 feet from his shore line. There was evidence before the commission that the proposed pier construction would seriously interfere with access to existing piers and obstruct the channel used in connection therewith for many years.

After the completion of the public hearing the commission deliberated and decided that the permit requested by plaintiff be denied, for the following reasons: "(1) The proposed work constitutes a hindrance to navigation on the grounds that the proposed pier would be built across a channel now used by adjacent property owners in the pursuit of commercial and recreational activities and the proposed work would deprive present property owners from the full use of their property and their structures. (2) The proposed pier including a large number of floats constitutes a potential damage to life and property during periods of severe storm. (3) It

appears that there is no adequate area available for the placement of the dredging material on the proposed site and there was no indication that if any material were so placed it could be done without creating nuisance conditions in the vicinity."

Plaintiff claims the action of the commission was illegal, arbitrary and capricious and that the waters in which the piers were to be located and the dredging done are not "navigable" and therefore not within the jurisdiction of the commission. Plaintiff also claims that the denial of a permit for the incidental dredging was illegal, asserting he has a statutory right to dig channels from a wharf or pier to the main channel of any stream.

Plaintiff's appeal is authorized under § 25-17. Upon an appeal of this kind, the only question before the court is whether the commission acted illegally or in excess or abuse of its powers. *Coppola* v. *New York, N.H. & H.R. Co.,* 143 Conn. 109, 112; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 524; *Greenwich* v. *Greenwich Water Co.,* 145 Conn. 526, 533. The burden of showing that the commission acted illegally or in excess of its authority was upon the plaintiffs. *Greenwich* v. *Greenwich Water Co.,* supra.

The usage of owners of land to high-water mark to wharf out against their own land has long been recognized in Connecticut. Such right of user has always been held to be subject to the paramount rights of the public. A substantial public right is the right to the free and unobstructed use of navigable waters for navigation. What waters are navigable is a question of fact. *Orange* v. *Resnick,* 94 Conn. 573, 578; *Nies* v. *Connecticut River Bridge & Highway District,* 104 Conn. 382, 387. Another important consideration in questions of riparian rights is that

every owner of land bounded on tidewater has a right to use this water for access to his land. *Ockerhausen* v. *Tyson,* 71 Conn. 31, 36. In our leading case (1933) it has been held: "In Connecticut, the public, whose representative is the State, is the owner of the soil between high and low water mark upon navigable water where the tide ebbs and flows. The owner of the adjoining upland has certain exclusive yet qualified rights and privileges in the waters and submerged land adjoining his upland. He has the exclusive privilege of wharfing out and erecting piers over and upon such soil and of using it for any purpose which does not interfere with navigation .... However, where a party's upland bordering on navigable waters adjoins and abuts the property of another, each must exercise his respective littoral rights with due regard for the corresponding rights of the other." *Rochester* v. *Barney,* 117 Conn. 462, 468, 469. Both of the parties have cited the above case with approval.

The commission has found that the proposed project reaches into navigable water and that it interferes with navigation of such water and access to neighboring piers. Under the circumstances as found by the commission, the court concludes the action of the commission was neither arbitrary nor unreasonable. With respect to the incidental dredging for which a permit was requested, the control of the water resources commission over dredging in tidal and coastal waters is clearly established by §§ 25-10, 25-11 and 25-14 of the 1958 Revision. Its action in denying the permit was proper.

Judgment may enter for the defendant dismissing the appeal.