[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff Connecticut Natural Gas Corporation (CNG) appeals from two decisions of the Department of Public Utility Control (DPUC) dated December 21, 1988 and April 13, 1989, claiming that the two decisions are final decisions in contested matters thus establishing the basis for the appeal under Sec. 4-183, Conn. Gen. Stats. Initially the court concludes, for the purpose of this appeal, that the appellant is an aggrieved party having demonstrated that it has a specific, personal and legal interest in the subject matter as distinguished from a general interest and that this specific, personal and legal interest has been specifically and injuriously affected. Wells v. Planning and Zoning Commission, 176 Conn. 475, CT Page 2130 477. Aggrievement may not only result from a decision but also from an "order or authorization" of the Commission. Sachem's Head Assn. v. Lufkin, 168 Conn. 365, 367.
The substance of this appeal arises out of the development and application of a formula designed to adjust profits/losses experienced by the plaintiff in furnishing gas to customers who are year-round users and intermittent users. The formula referred to by the parties as the "IS Mechanism" was developed and established under a DPUC hearing, Docket No. 83-01-01, June 30, 1983. The mechanism was reaffirmed in a subsequent hearing, Docket No. 84-02-09, September 11, 1984. Following on the heels of this hearing was another hearing, Docket No. 87-01-03, December 22, 1987, which included the resolution of a lawsuit brought by the appellant and by adoption of a stipulation between the parties reaffirmed the "IS Mechanism" for the purposes contemplated in the initial Docket referred to herein.
On November 9, 1988 CNG wrote the DPUC requesting a confirmation of intention under the terms of the "IS Mechanism" to apply a shortfall in revenue in a manner as set out in detail in its letter (Item 1). The DPUC, writing to the interested parties, CNG and the Office of Consumer Counsel (OCC), invited written comments on CNG plans and having received them, (Item 3 from counsel for CNG and Item 4, OCC), notified CNG by letter dated December 21, 1988, Item 5, that following its consideration of the letter request of November 9, 1988 (Item 1), the DPUC declined to entertain the proposal contained therein, and chose to continue the agreement as set out in Docket No. 87-01-03. Notice of this determination was sent to OCC on the same date, December 21, 1988, which letter also included a comment that the OCC's request for a hearing on CNG's proposal or understanding of November 9, 1988 was moot as the DPUC denied CNG's request for readjustment or clarification.
Thereafter, on January 4, 1989, (Item 7), CNG requested a rehearing, reconsideration and clarification of the Commission's December 21, 1988 decision. DPUC responded to this request on April 13, 1989 (Item 11) by letter communication reporting the Commission's denial of this request for the reasons stated therein.
It is from these determinations of DPUC that the plaintiff appeals, claiming that the failure to grant CNG's request for relief without a hearing and in denying CNG's request for a rehearing by its April 1989 decision was in violation of statute and in violation of its statutory authority and was otherwise in abuse of its authority. CT Page 2131
The defendants DPUC and OCC argue that the action of the DPUC was proper in that the DPUC's determination not to reopen Docket No. 87-01-03 did not constitute any rescission, reversal or alteration which under Sec. 16-9, Conn. Gen. State., would have required a hearing. Since a hearing was not requested by CNG, by its letter of November 9, 1988, the action of the DPUC in refusing to accede to CNG's request cannot be considered a denial of CNG's right to a hearing, nor can solicitation of comments from interested parties to CNG's request to assist the DPUC in determining whether to revisit the rate structure as confirmed in Docket No. 87-01-03, be construed as action taken without a hearing as no changes were made which required a hearing. Whether to hold a hearing to rescind, reverse or modify a decision is, of course, within the discretionary powers of the Agency. Brook Ledge Inc. v. Public Utilities Commission, 145 Conn. 617, 621.
Accordingly, the court concludes that inasmuch as no hearing was required on the request of the appellant, the determination of the DPUC not to disturb the existing refund procedures was not a modification of an order made without a hearing, as claimed, nor for the same reasons was the denial of this request for a rehearing a violation of the appellant's rights.
The appeal is, therefore, dismissed.
George W. Ripley, J. CT Page 2132
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2133
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2134
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2135
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2136
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2137
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2138