[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, William H. Wilson, dba W. H. Wilson Company, appeals a decision of the defendant Department of Public Utility Control (DPUC) reconsidering and modifying its prior decision of August 15, 1990. West Service Corporation (West), the Department of Health Services (DHS) and the Office of Consumer Counsel (OCC) were also named as defendants. Plaintiff appeals pursuant to 16-35 and4-183 of the General Statutes. The court finds in favor of the defendants.
CT Page 9350 Wilson is a resident of Suffield, Connecticut. He is engaged in the business of real estate development under the name of W. H. Wilson Company in West Suffield. West is a Connecticut public service company supplying water to customers in Suffield. The OCC is an independent advocate for consumer interests within the DPUC, a statutory party to contested cases before the DPUC, and was a participant in proceedings involving Wilson and West prior to the action from which this appeal is taken. See General Statutes 16-2a (a). The DPUC is a state agency empowered under General Statutes 16-1 et seq. to regulate public service companies. The DHS attended as an observer the DPUC proceedings involving Wilson and West prior to the action from which this appeal is taken.
On or about June 26, 1991, West petitioned the DPUC to reconsider its final decision of August 15, 1990, wherein the DPUC ordered West to refund to Wilson certain sums paid by Wilson for the extension of West's water service to property under development by Wilson. On November 22, 1991, the DPUC issued a draft decision amending the August 15, 1990 decision by reversing the prior order that West pay Wilson and ordered, instead, that Wilson pay West a sum in addition to that which Wilson had already paid to West. The DPUC heard oral argument on the draft decision on January 13, 1992. On February 3, 1992, the DPUC issued its final decision which incorporated the conclusions and order of the draft decision.
Plaintiff Wilson appeals and petitions the court to vacate and set aside the decision of January 22, 1992 and to direct the DPUC to reinstate its earlier final decision of August 15, 1990. Wilson further requests the court to find that the DPUC's action was undertaken without substantial justification and to award reasonable fees and expenses pursuant to General Statutes 4-184a.
The sole issue briefed by the parties in the appeal is whether the DPUC had the legal authority to reconsider and change its original decision, which had been favorable to Wilson. The court has carefully examined the record, including those portions emphasized by counsel for the plaintiff during oral argument on this appeal, as well as the parties' briefs. The court concludes that the DPUC's action was justified under the law and by the facts which CT Page 9351 appear in the record.
In reconsidering its original decision, the DPUC reacted to repeated petitions by West alleging various errors of calculation in the original decision, in particular an error in calculating the cost per foot of installing certain water pipes. Eventually, the DPUC did review the evidence originally submitted and concluded that it had made an error in calculating the cost of the pipes. Following a new hearing, but without new evidence, the DPUC recalculated the cost of the pipes and changed its original decision accordingly. The new calculation was significantly different, so much so that it resulted in changing an amount owed to Wilson to an amount owed by him.
The DPUC indicated that it was following the procedure set forth in the Uniform Administrative Procedure Act (UAPA), specifically General Statutes 4-179, in conducting the reconsideration and issuing the modified decision. However, in its new decision the DPUC referred to its "broad powers pursuant to Section Title 16 of the General Statutes of Connecticut and the Regulations of Connecticut State Agencies to insure that Decisions properly reflect the record of the proceeding."
In responding to this appeal, the DPUC in its brief and oral argument contends that its action was authorized by General Statutes 16-9. That statute, in relevant part, reads as follows:
 (The DPUC) may, at any time, for cause shown, upon hearing after notice to all parties in interest, rescind, reverse or alter any decision, order or authorization by it made.
Our supreme court has interpreted this statute broadly so as to enable the DPUC to exert almost continuing jurisdiction over a case in which it has previously issued an order. The statute "explicitly gives the DPUC significant discretion in deciding when and how to modify its own orders." Greenwich v. DPUC, 219 Conn. 121, 129
(1991), citing Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 366 n. 20 (1975). The rule that an agency may not grant an application it had earlier denied CT Page 9352 "does not apply with full rigor to decisions of the public utilities commission." Brookledge, Inc. v. Public Utilities Commission, 145 Conn. 617, 621 (1958) (discussing 5399, now 16-9); Guida v. Public Utilities Commission,166 Conn. 328, 337 (1974). "If the commission under this statute can reverse its decisions for due cause shown, it certainly follows that upon a new application, albeit for the same privilege, it can reach a different result." Brookledge, supra, 621. "The right of the commission, in view of this statute, to reopen the case and rehear the matter after due notice to all parties in interest cannot be controverted." Andover's Appeal, 113 Conn. 494, 503
(1931); see also New Haven v. New Haven Water Co.,132 Conn. 496, 514 (1946).
Based on section 16-9, as interpreted by the supreme court, this court concludes that the DPUC had sufficient authority to reconsider its previous decision, reopen the case, hold a hearing, and issue a new decision based on its recalculation of certain cost factors.
At oral argument on this appeal, the plaintiff raised the issue whether there was a sufficient factual basis in the record to support the DPUC's new order. Although the plaintiff included this issue in his petition of appeal, he did not brief it. The DPUC, in oral argument, duly objected to its consideration by this court. Because it was not briefed, the court considers the issue abandoned. Collins v. Goldberg, 28 Conn. App. 733,738 (1992).
For all of the above reasons, the plaintiff's appeal is dismissed.
MALONEY, J.