**Herbert R. STONEBURNER, Petitioner,**

**v.**

**George A. ENGLAND, Director of Motor Vehicles of the District of Columbia, Respondent.**

#### No. 3477.

District of Columbia Court of Appeals.

Argued May 25, 1964.

Decided July 17, 1964.

1. Petitioner is a Maryland resident.

Kenneth D. Wood, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order of the Director of Motor Vehicles revoking petitioner's operator's permit.

On September 10, 1963, petitioner was arrested in the District of Columbia and charged with a lottery violation. Thereafter he was notified to appear before a hearing examiner to determine whether his privilege to operate a motor vehicle in the District of Columbia [1] should be suspended or revoked. A hearing was held on September 26, 1963, and, at the conclusion thereof, petitioner's permit was suspended for the reason that he had operated a motor vehicle in the commission of a felony.[2] On appeal to the Director the suspension was upheld, the Director finding alternatively that petitioner was "not morally qualified to operate a motor vehicle safely for the reason that on September 10, 1963 [he]

2. The suspension was continued pending the outcome of the criminal charge.

operated a motor vehicle in the conduct of an illicit activity (Lottery)."

Subsequently, petitioner entered a plea of guilty to the criminal charge of possession of numbers slips.[3] He received a one-year suspended sentence and was placed on two years' probation. Since he had no record of prior criminal or traffic offenses, petitioner asked for another hearing to determine his moral qualifications to operate a motor vehicle. His request was granted and at the conclusion of the second hearing his permit was revoked by the hearing examiner for the same reason given by the Director on appeal from the first hearing. This finding was affirmed and petitioner brought the case here. He contends the revocation constitutes an abuse of discretion in that there was no evidence of any threat or danger to the safety of persons or property through his use of an automobile.

In James v. Director of Motor Vehicles, D.C.Cir., —— F.2d ——, the regulation here in question was reviewed.[4] The court held:

"In the absence of clearer language to that effect we think the Regulation relied upon does not vest the Director with the revocation power for misconduct unrelated to the ability of an individual to operate a motor vehicle so as 'not to jeopardize the safety of persons or property.' These modifying words indicate that the moral disqualification must be related to the ability or judgment needed safely to operate a motor vehicle. * * *"

In view of this decision we have no alternative but to reverse this case.

Reversed.

3. Possession of numbers slips is a misdemeanor, Code 1961, § 22–1502, whereas operating a lottery is a felony, Code 1961, § 22–1501.

4. Section 5(a) of Part V of the Traffic and Motor Vehicle Regulations of the Dis-

trict of Columbia grants the Director discretion to revoke the permit of any individual who in his opinion "is not * * * morally qualified to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property * * *."