[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Daniel Pike, has appealed from the suspension of his motor vehicle license by the defendant Department of Motor Vehicles pursuant to the implied consent statute, 14-227b C.G.S.A. Mr. Pike is certainly an aggrieved party and has a right to take this appeal.
The statute provides that a person operating a motor vehicle in this state shall be deemed to have given his or her consent to a chemical analysis of his or her blood, breath, or urine if arrested for driving under the influence of intoxicating liquor. If the person submits to the test and the test results indicate the ratio of alcohol in the blood was over ten-hundredths of one percent of alcohol by weight at the time of the offense, the individuals license is suspended for ninety days.
The statute provides that the arresting officer prepare a report setting forth the grounds for the officer's belief that there was probable cause to arrest the operator for operating under the influence (the statute covers other offenses not germane to this appeal) and the results of any test showing the operator's blood alcohol ratio was above the proscribed limit. CT Page 9366
In this case, the plaintiff was arrested on May 3, 1990 for operating under the influence. He submitted to a chemical test and the results indicated that the ratio of alcohol in his blood was over the proscribed limit. The necessary report was filed and sent to the Commissioner of the Department of Motor Vehicles. Under the terms of 14-227(b)(d), after receiving this report, the Commissioner "shall" suspend the license of an operator was of a date certain, which shall not be later than thirty-five days after the date such person received notice of his arrest by the police officer" In this case, Mr. Pike received a suspension notice from the Department establishing June 7, 1990 as the suspension date.
Under the terms of the same statutory subsection, a person whose license has been so suspended . . . "shall automatically be entitled to a hearing before the Commissioner to be held prior to the effective date of the suspension." The hearing is limited to the four issues set forth in subsection (f) of the statute, cf. Volck v. Muzio, 204 Conn. 507, 511 (1987).
An administrative hearing was in fact held in this matter and the Commissioner acting through his designee found in the affirmative on the four statutory issues. As a result, the Commissioner ordered the suspension of Mr. Pike's license.
In his brief and argument on the appeal, the plaintiff does not contest the Commissioner's decision on the merits but argues that the Commissioner's decision must be reversed because the hearing was not held in the time limits mandated by the statute.
To frame the issue before the court, reference will now be made to the language in Section 14-227(b) which refers to when the hearing is to be held.
14-227(b).
Subsection (d)
 . . . .Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the Commissioner to be held prior to the effective date or the suspension. . . .
Subsection (f)
 . . . .If such person contacts the department to schedule a hearing, the department shall assign a date, time and place for the hearing which CT Page 9367 date shall be prior to the effective date on the suspension. Upon a showing of good cause, the commissioner may grant one continuance for a period not to exceed ten days. If a continuance is granted, the commissioner shall extend the validity of the temporary operator's license or non-resident operating privilege issued pursuant to subsection (c) of this section for a period not to exceed the period of such continuance" . . . .
Subsection (g)
 . . . .The Commissioner shall render a decision at the conclusion of such hearing or send a notice of his decision by certified mail to such person not later than thirty-five days or if a continuance is granted not later than forty-five days from the date such person received notice of his arrest by the police officer. . . Unless a continuance is granted to such person pursuant to subsection (f) of this section, if the Commissioner fails to render a decision within thirty-five days from the date such person received notice of his arrest by the police officer, the Commissioner shall reinstate such person's operator's license or non-resident operating privilege, provided" . . . .
Interestingly, the Department has issued an "Emergency Regulation" effective 1-1-90, which is entitled "Administrative Procedures for `Per Se' Suspension of Motor Vehicle Operator's License." Section 14-227b-15 of that regulation is entitled: "Granting a continuance of hearing." It reads as follows;
 "(a) Only for good cause shown will a continuance be granted to a person who has requested a hearing.
 (b) Only one continuance may be granted and for a period not to exceed ten days.
 (c) A request for a continuance may be made by the person or his attorney either in person or by telephone at". . . .(gives name of Department to contact and time to make such contact)."
In this case, as noted, the date of arrest was May 3, 1990 and the operator, Mr. Pike, was notified that the effective date of his license suspension was June 7, 1990. The original CT Page 9368 hearing date was set down for May 30, 1990. On May 30 the hearing began and the hearing officer assigned to the case said that he'd reviewed the evidence prepared by the State Police and concluded the case couldn't be presented because there was a need for "live testimony." Operation had to be shown and the person who made the stop would have to testify. There was no "sworn testimony" from that individual and the hearing officer ruled that he would continue the case for a "short period." (May 30 Transcript pp 2-3).
The matter was then reassigned for a hearing on June 8, 1990, which was more than 35 days from the date of arrest and after the effective date of the suspension. The plaintiff argues that therefore the defendant, by holding the June 8, 1990 hearing and suspending his license "acted without statutory authority, in violation of the time constraints set forth in Public Act 89-314 (14-227b).
The June 8, 1990 hearing date was after the effective date of suspension and 14-227b(d) specifically provides that the operator shall have a right to a hearing "prior to the elective date of the suspension" of his or her license. It is not contested that the continuance given here was for the defendant's benefit and that the June 8 hearing was within the ten day continuance period referred to in the statute. Did the defendant have a right to continue this matter to June 8?
The defendant's brief seems to argue that the plaintiff has waived any right to raise this issue. It notes in its brief that the plaintiff did not object to the May 30 continuance However, the transcript indicates that the plaintiff did move to dismiss the case because of the absence of sworn testimony. (May 30 1990 Transcript pp 3-4). Also since it was only May 30 and the commissioner could have still set a hearing down before the June 7, 1990 suspension date so any objection based on the argument the plaintiff now makes would have been premature. At the June 8 hearing, counsel for Mr. Pike did in fact object to the hearing going forward and moved the matter be dismissed because the time constraints of 14-227(b)(c) were violated. (June 8 Transcript page 3; "Motion to Dismiss" filed 7/3/91 as "Amendment to the Record"). Furthermore, if the plaintiff is correct in arguing that a "good cause" continuance can only be granted to the operator and not to the department then in scheduling the June 8 hearing the Commissioner was acting beyond his statutory authority.
The issue before the court then is did the hearing officer have the statutory authority on May 30, 1990 to continue the case and on the basis of this "good cause" continuance did the Commissioner thus have the right to schedule a hearing on June CT Page 9369 8, 1990 beyond the 35 day period set forth in 14-227(b)(c) but within 10 days of the June 7, 1990 effective date for the suspension of this operator's license.
If the commissioner cannot statutorily receive a ten day continuance authorizing a hearing to be held up to ten days beyond the suspension notice date, then the June 8 hearing was held in violation of the statutory time constraints and the plaintiff must prevail.
First let it be said that no one can argue with the powerful sentiments expressed by several cases cited in the defendants brief deploring the carnage caused by drunk drivers on our highways and the need to protect our citizens from that behavior. Breithaupt v. Abram, 352 U.S. 432 1 L.Ed.2d 448
(1957), State v, Boucher, 207 Conn. 612 618 (1988)
Also it is no doubt true that the scope of judicial review of actions by administrative agencies and the Commissioner of Motor Vehicles is limited. It is not the function of the court to retry cases or substitute its judgment for the Commissioner. Buckley v. Muzio, 200 Conn. 1 (1986) DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 586 589 (1975). However, the issue between the parties does not involve any dispute over facts or the decision on the merits made by the Commissioner but turns on a question of statutory interpretation. It is true that . . ."considerable weight is given to an enforcing agency construction of the statute where the language is ambiguous and the legislative history is not completely enlightening. . . The agency's practical construction of the statute if reasonable is `high evidence of what the law is."' Board of Trustees of Woodstock Academy v. Freedom of Information Commission, 181 Conn. 544, 551-552 (1980), Griffin Hospital v. Commission on Hospitals Health Care 200 Conn. 489,495-498. But this well accepted principle cannot be extended so far as to deprive aggrieved parties of their right to appeal. Interpretation of a statute is in the last analysis a question of law for the courts; "it is for the courts, and not for administrative agencies, to expound and apply governing principles of law," Connecticut Hospital Association v. Commission on Hospitals Health Care, 200 Conn. 133, 140 (1986), also, see, Wilson v. Freedom of Information Commission,181 Conn. 324, 342-343 (1980).
Reading 14-227b(d) and (f) together, several matters are not in dispute: Upon receipt of the appropriate report from the police authorities, the Commissioner shall suspend the license of the accused operator on an effective date not later than thirty-five days after the operator receives notice of arrest; the operator "shall" be entitled to a hearing to be held prior CT Page 9370 to the effective date of suspension; the operator can request a continuance and "upon a showing of good cause" the Commissioner can grant a continuance not to exceed ten days. Here, however, the continuance was not for the operator's benefit.
In this case, the defendant was not prepared to go forward for lack of necessary witnesses on May 30, 1990. Apparently the operator and his lawyer were not informed of this until they appeared for the hearing which the defendant had scheduled. Assuming, as both parties appear to do, that this would be "good cause" for granting a continuance, did the defendant have a right to schedule a new hearing after the effective date of the operator's suspension of license relying on the statutory language in 14-227b(f) which says. . ."Upon a showing of good cause, the Commissioner may grant one continuance for a period not to exceed ten days"
The defendant claims that nothing in the statute should limit continuances to the benefit of operators. Indeed, the "plain language" of the statute authorizes the Commissioner to continue a hearing for "good cause." The defendant could have also argued that there would be no real harm to the operator since if such a continuance is granted the validity of the operator's license is extended for the period of any continuance. See 14-227b(f)
To deal with the "no harm done" argument first — this is a matter of statutory interpretation. If in fact the defendant had no right to a continuance the defendant Commissioner had no power to extend the validity of the operator's license beyond the effective date of suspension. The legislature wanted to have the Motor Vehicle Department hold these hearings as quickly as possible — severe time limits are statutorily imposed. It will not do to have the defendant obviate this legislative purpose by reading into the statute authorizations to continue these hearings which the legislature did not contemplate.
The problem with the defendant's interpretation of the statute is that it reads the clause allowing for continuances in isolation and out of context with no analysis of the legislative history. A comparison of the previously existing version of14-227(b) with the amendments embodied in P.A. 89-314 as well as a reading of the legislative history (Conn. General Assembly, House Proceedings, Vol. 32, Pt. 30 pp 10517-10572) reveals that the legislature had a continuing interest in protecting citizens from drunk drivers but also a deep concern with the due process rights of operators who might fall under the ambit of the statute. This concern would appear to be the primary reason for the 1989 changes in statutory language CT Page 9371
Mandatory hearing dates were set up with notice requirements placed on the Commissioner. The operator was clearly given the right to request a hearing and time limits were set for rendering decisions after the hearing.
Relative to the continuance power subsection (f) of the statute reads as follows.:
 "(f) If such person (the operator) contacts the department to schedule a hearing the department shall assign a date, time and place for the hearing which date shall be prior to the effective date of the' suspension. Upon a showing of good cause, the Commissioner may grant one continuance for a period not to exceed ten days." . . .
It is an odd use of the word "grant" to read this language as authorizing a department hearing officer to give a continuance to the department if the department is not ready to go forward with the hearing. A common sense reading would seem to indicate that the party who would be "granted" the hearing for good cause would be the operator. Websters Third New International Dictionary (1969) defines "grant" as "la. to consent to carry out for a person; Allow, Accord (after a conference the judge (grant)ed counsel his request . . . . 2. Give, Bestow, Confer . . ." Does one "grant" something to oneself — here a continuance by the department hearing officer to the defendant department — especially under a statutory scheme that was amended out of a concern with the due process rights of those adversely affected by it? The indicated answer would seem to be "no" and the legislature in the statutory language seems to explicitly recognize that only the operator can receive a continuance. In statutory subsection 14-227(b)(g) which sets time limits for rendering decisions safer hearings, the following language is used:
 "Unless a continuance is granted to such person (the operator) pursuant to subsection (f) of this section, if the Commissioner fails to render a decision within thirty-five days from the date such person received notice of his arrest by the police officer, the Commissioner shall reinstate such person's operator's license.". . . (emphasis added)
Indeed, in the only discussion of the continuance power in the legislative history, Senator Balducci indicates that operators were to be given the right to ask for a continuance in the case of some emergency which presumably would make it unfair to go forward with a hearing, see pp 10521-10522 of House CT Page 9372 Proceedings, supra.
Moreover the only departmental regulations available to the court, which have been previously noted in this decision speak of continuances in terms of the ability of the operator to request a continuance for good cause (see "Administrative Procedures for `Per Se' Suspensions of Motor Vehicle Operator's License", page 7 Section 14-227b-15 supra). No mention is made of the right or power of the Commissioner to grant a continuance to his own department if it is not ready to go forward with a hearing.
Reasons of fairness also dictate against the court accepting the defendant's proposed reading of the statute; abusive results are possible especially for out of state operators. Under the statutory scheme, operators receive notice that their license is to be suspended on a date certain. They can request a hearing before that date. The operator or counsel, perhaps from out of state, request a hearing date and are given the time, date, and place of the hearing. This is certainly a model of fairness, as the legislature intended, especially when coupled with a provision allowing for a ten day continuance for good cause — health, family emergency, etc. The operator with or without counsel appears for his hearing miles from his or her place of business or home in many cases and is blithely told by the hearing officer that the case has to be continued because the department isn't ready to go forward — the hearing officer grants his own department a hearing. To read the statute as allowing such a result contradicts the very purpose of the 1989 amendments to the statute.
Finally, there is nothing in the record to indicate that the defendant Commissioner has, in other cases, construed the statute to permit the department to receive a "good cause" continuance under 14-227b(f). The department's own regulations only refer to requests for continuances by operators. Rather than being a "practical construction" of the statute arrived at by the exercise of its administrative expertise Board of Trustees v. Freedom of Information Commission, supra at181 Conn. 551-552 this appears to be no more than a case where the defendant Commissioner is supporting the actions of one hearing officer in one particular case on an issue of statutory construction for reasons that are not articulated. In such circumstances, deference to the administrative agency is not required.
For all of the reasons stated the defendant Commissioner acted without statutory authority in holding the hearing in this matter on June 8, 1990; the time constraints set forth in14-227b C.G.S.A. were thus violated, the hearing was illegal, CT Page 9373 any decision rendered was illegal and the defendants appeal is sustained.
Corradino, J.