BOARD OF ALDERMEN OF THE CITY OF SHELTON *v.*
BRIDGEPORT COMMUNITY ANTENNAE TELEVISION
COMPANY ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 10, 1974—decision released April 8, 1975

*James W. Bracnaro,* for the appellant (plaintiff).

*Joseph P. Cooney,* with whom, on the brief, was *David T. Ryan,* for the appellee (named defendant).

*Richard L. Barger,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant public utilities commission).

LONGO, J. The plaintiff board of aldermen (hereinafter board), acting as the zoning commission, denied the Bridgeport Community Antennae Television Company (hereinafter BCATC) permission to erect a tower facility for receiving off-the-air tele-

vision and FM radio signals and retransmitting signals via microwave. BCATC appealed the decision of the board to the public utilities commission (hereinafter commission). After a public hearing the commission modified the decision of the board which denied BCATC's application and authorized the construction of a tower facility in Shelton to serve the towns of Bridgeport, Stratford, Milford, Orange and Woodbridge. The board appealed the commission's decision to the Court of Common Pleas. The court reviewed the record of the proceedings before the commission and dismissed the appeal. From that decision the board has appealed to this court.

In its finding the commission concluded (1) that BCATC had made reasonable efforts to find alternate locations for the best site for the needed tower; (2) that none of the opponents of the application had offered an alternate site or alternate methods of receiving off-the-air television signals which were as available and as technically sufficient as the proposed site; (3) that the site proposed by BCATC best serves the public convenience and necessity, and meets the required standards of public health, safety and welfare;[1] and (4) that compared to the greater public interest, any inconvenience to residents below the hill on which construction of the tower is proposed will be minimal. The board has assigned error as to each of the above conclusions, claiming that the commission acted arbitrarily, illegally and in abuse of its discretion in arriving at its

[1] The board's attack on the finding by the commission that the site proposed by BCATC best served the public convenience and necessity and met the standards of public health, welfare and safety is limited to a recapitulation of the board's other assignments of error and raises no additional issues, and hence is disposed of in the body of the discussion.

decision. Further, the board claims error in the failure of the commission to require the presentation of expert evidence as to (1) the allegation of radio and television interference, and (2) whether property values would be reduced because of the construction of the tower.

In appeals of this nature the court cannot substitute its discretion for that legally vested in the commission, but determines on the record whether there is a logical and rational basis for the decision of the commission or whether, in the light of the evidence, it has acted illegally or in abuse of its discretion. General Statutes § 4-183 (g); *Connecticut Television, Inc.* v. *Public Utilities Commission,* 159 Conn. 317, 328, 269 A.2d 276; *Kram* v. *Public Utilities Commission,* 126 Conn. 543, 550, 12 A.2d 775. The board bears the burden of proof as to the existence of any abuse. *Briggs Corporation* v. *Public Utilities Commission,* 148 Conn. 678, 687, 174 A.2d 529.

The board's claim that the commission acted arbitrarily in finding that BCATC made reasonable efforts to find alternate locations is considered in the light of the evidence printed in the appendix to BCATC's brief. See *Guglielmo* v. *Klausner Supply Co.,* 158 Conn. 308, 320, 259 A.2d 608; compare Maltbie, Conn. App. Proc. § 253. It is clear from the evidence presented by BCATC to the commission that locations in at least five towns were considered in the quest for a suitable site but were rejected for technical, legal and financial reasons as inadequate. Hence, the finding was adequately supported by the evidence submitted to the commission. Cf. *Sierra Club* v. *Lynn,* 502 F.2d 43, 62 (5th Cir.).

The burden rests upon the board to establish its claim that other superior sites which could be obtained exist. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 260, 140 A.2d 874. Other than suggesting the existence of several sites, it does not appear in the finding, nor in the board's brief and appendix, that the board made any effort to substantiate the availability of any alternative sites. Hence, the commission properly found that the board failed to meet its burden.

The board in its brief argues that the commission should not have made findings with respect to the minimal inconvenience to property owners owing to claimed radio and television interference emanating from the tower and with respect to the reduction of property values resulting from the construction of the tower, absent expert evidence to that effect. Neither the General Statutes nor any regulations impose a requirement that findings of the commission akin to the ones in the present case must be supported by expert testimony. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 350, 64 A.2d 330.

The record indicates that the commission made its findings with due consideration for all the relevant factors involved and that the trial court was correct in upholding its action. The court was not merely presented with post hoc rationalizations for the commission's action, as was the trial court in *Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402, 419, 91 S. Ct. 814, 28 L. Ed. 2d 136, but reviewed the proceedings before the commission. Those proceedings clearly indicate that the commission did indeed consider the possibility of television

interference. Furthermore, there is nothing in the record or appendix to the board's brief indicating that the board made any allegations supported by claims of fact to the effect that the construction of the tower potentially and fairly arguably would have a significant detrimental impact. BCATC was not required to present expert testimony and the commission acted properly in applying its own expertise in weighing the merits of the nonexpert testimony before it. *Brook Ledge, Inc.* v. *Public Utilities Commission,* 145 Conn. 617, 619, 145 A.2d 590; Regs. Conn. State Agencies § 16-1-38 (e).

There is no error.

In this opinion the other judges concurred.