CONNECTICUT HOSPITAL ASSOCIATION, INC., ET AL. *v.*
COMMISSION ON HOSPITALS AND HEALTH CARE
(12653)

SHEA, DANNEHY, CALLAHAN, JACOBSON and KULAWIZ, Js.

Argued March 13—decision released June 3, 1986

*J. Michael Eisner,* with whom were *Jeanette C. Schreiber* and, on the brief, *R. Jeffrey Sands,* for the appellants (plaintiffs).

*Richard J. Lynch,* assistant attorney general, with whom were *Maite Barainca,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

CALLAHAN, J. The plaintiffs, thirty-four hospitals in Connecticut[1] (hereinafter hospitals), have appealed from a judgment of the Superior Court rendered in favor of the defendant commission on hospitals and health care (hereinafter commission). The hospitals claim that the trial court erred: (1) by applying improper standards in its review of the declaratory ruling issued by the commission; and (2) by failing to reverse the declaratory ruling of the commission and to hold that the commission has no authority to regulate capital expenditures that are under the statutory threshold dollar amounts set forth in General Statutes § 19a-155. We find no error.

On September 23, 1982, the hospitals filed with the commission a petition for a declaratory ruling on three questions pursuant to General Statutes (Rev. to 1981) § 4-176,[2] a statement in support of the petition and an

---

[1] The named plaintiff association is not a party to this appeal.

[2] "[General Statutes (Rev. to 1981)] Sec. 4-176. DECLARATORY RULINGS. Each agency may, in its discretion, issue declaratory rulings as to the applicability of any statutory provision or of any regulation or order of the agency, and each agency shall provide by regulation for the filing and prompt disposition of petitions seeking such rulings. If the agency fails to exercise its discretion to issue such a ruling, such failure shall be deemed a suffi-

appendix. The commission voted to consider the petition and held a hearing on December 15, 1982, at which the hospitals presented evidence and testimony in support of the requested ruling. Subsequent to that hearing, the enactment of Public Acts 1983, No. 83-215 (now General Statutes §§ 19a-154 and 19a-155), effective on May 26, 1983, caused the first two questions raised by the hospitals in the petition to become moot. The only issue raised by the request for a declaratory ruling which has not become moot and the only issue we will consider involves the extent of the commission's jurisdiction over capital expenditures. On that issue, the hospitals sought the following declaratory ruling: "[A] capital expenditures budget submitted to the Commission in accordance with the provisions of Section 19-73o (a) [now Section 19a-156 (a)] does not prevent a hospital desiring to undertake additional capital expenditures (not in its capital expenditures budget and not exceeding the minimum jurisdictional dollar amounts set forth in Section 19-73m [now Section 19a-155]), from freely undertaking such additional capital expenditures without Commission review or approval unless they are undertaken in conjunction with new services or functions subject to Commission approval under Section 19-731 [now Section 19a-154] of the Connecticut General Statutes." The commission issued its declaratory ruling on September 13, 1983, in which it rejected the hospitals' requested ruling and held that commission approval is required for any capital expenditures, as defined in the regulations, which are not in the approved capital budget, regardless of whether or not the amount of such expenditure falls below the threshold of General Statutes § 19a-155. The hospitals appealed this decision. On November 27,

cient request by the plaintiff for the purposes of section 4-175. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases."

1984, the trial court, *Mack, J.,* issued a memorandum of decision affirming the commission's declaratory ruling.

The question at issue arises out of the language contained in General Statutes §§ 19a-156[3] and 19a-155.[4]

---

[3] "[General Statutes] Sec. 19a-156. (Formerly Sec. 19-73o). SUBMISSION AND REVIEW OF PROPOSED BUDGETS. GUIDELINES. REVISIONS. WORLD WAR II VETERANS' MEMORIAL HOSPITAL. (a) Every hospital included with the definition of health care facilities or institutions, and any other health care facility and institution requested to do so by the commission provided such request is made upon one hundred eighty days' notice, shall submit annually to the commission its proposed operating and capital expenditures budget for its next fiscal year or, in the case of a hospital, data sufficient to establish entitlement to an exemption from budget review under section 19a-157, at least ninety days prior to the proposed adoption date of its budget. The commission shall review such proposed budget and may, with the consent of the facility or institution, informally discuss such budget with representatives of the facility or institution. The commission shall notify the facility or institution of its approval, denial or modification of such budget not later than forty-five days before such proposed adoption date. Failure of the commission so to notify the facility or institution shall be deemed approval of such budget. If the commission denies or modifies a budget, it shall hold a hearing not later than thirty days before such proposed adoption date with representatives of the facility or institution, to consider and evaluate such data and information as it considers relevant, unless an agreement has been reached between the facility or institution and the commission, and, at least fifteen days before the proposed budget adoption date, the commission shall order the institution to adopt a budget which the commission deems acceptable for the coming fiscal period.

"(b) On or before April fifteenth of each year the commission shall publish the guidelines which it will apply to such budget review during the forthcoming year.

"(c) In the event of unforeseen and material changes in circumstances during any fiscal year, any hospital or health care facility or institution which has submitted a budget to the commission pursuant to the provisions of this section may submit a proposed revised budget to said commission pursuant to regulations adopted by the commission.

"(d) The annual proposed operating and capital expenditures budget of the World War II Veterans' Memorial Hospital, a municipal agency of the city of Meriden, may be based upon a fiscal year commencing July first to conform to the fiscal year of the city of Meriden."

[4] "[General Statutes] Sec. 19a-155. (Formerly Sec. 19-73m). REQUESTS FOR APPROVAL OF CAPITAL EXPENDITURES. CAPITAL PROGRAMS OF AN EMERGENCY NATURE. EXPEDITED HEARING PROCESS. WAIVER OF HEARING. COM-

General Statutes § 19a-155 provides in relevant part: "(a) . . . [A]ny health care facility or institution . . . proposing a capital expenditure exceeding six hundred thousand dollars, or the acquisition of major medical equipment having a cost exceeding four hundred thou-

BINING SIMILAR REQUESTS. HEARINGS ON APPLICATIONS OF A SIMILAR NATURE; COORDINATION OF ACTIVITIES. (a) Except for a program of ambulatory services established and conducted by a health maintenance organization, any inpatient rehabilitation facility affiliated with the Easter Seal Society of Connecticut, Inc., any health care facility or institution except a home health care agency or homemaker-home health aide agency or any state health care facility or institution proposing a capital expenditure exceeding six hundred thousand dollars, or the acquisition of major medical equipment having a cost exceeding four hundred thousand dollars, including the leasing of equipment or a facility, which expenditure was not included in a budget approved under section 19a-156, shall submit a request for approval of such expenditure to the commission, with such data, information and plans as the commission requires in advance of the proposed initiation date of such project and in accordance with the schedule established by the commission pursuant to subsection (c) of this section. Such request including required data, information and plans shall be submitted to the appropriate health systems agency at least thirty days prior to the submission to the commission. The commission shall thereupon hold a public hearing with respect to such request, at least two weeks' notice of which shall be given to the facility or institution by certified mail and to the public by publication in a newspaper having a substantial circulation in the area served by the facility or institution. Such hearing shall be held at the discretion of the commission in Hartford or in the area so served. The commission shall consider such request in relation to the community or regional need for such capital program or purchase of land, the possible effect on the operating costs of the health care facility or institution, the recommendations of the Health Systems Agency regarding such proposal, and such other relevant factors as the commission deems necessary. In approving or modifying such request, the commission may not prescribe any condition, such as but not limited to any condition or limitation on the indebtedness of the facility or institution in connection with a bond issue, the principal amount of any bond issue or any other details or particulars related to the financing of such capital expenditure, not directly related to the scope of such capital program and within control of the facility or institution. Upon a showing by such facility or institution that the need for such capital program is of an emergency nature, the commission may waive the requirement that the request be submitted in accordance with the schedule established by the commission pursuant to subsection (c) of this section and that a public hearing be held thereon, provided such request shall be sub-

sand dollars, including the leasing of equipment or a facility, which expenditure was not included in a budget approved under section 19a-156, shall submit a request for approval of such expenditure to the commission . . . . " General Statutes § 19a-156 provides in relevant part: "(a) Every hospital . . . shall submit annually to the commission its proposed operating and

mitted at least ten days before the proposed initiation date of the project. The commission shall grant, modify or deny such request within ninety days or within ten days, as the case may be, of receipt thereof, except that upon request of the applicant, the ninety-day review period may be extended for an additional fifteen days if the commission or the health systems agency has requested additional information subsequent to the commencement of the commission's review period. Failure of the commission to act thereon within such period shall be deemed approval of such request, except that if the failure to act results from a tie vote of the commission on a motion to approve, modify or deny the request, the ninety-day review period shall automatically be extended fifteen days. The commission shall, not later than January 1, 1981, adopt regulations to establish an expedited hearing process to be used to review requests by any facility or institution for approval of a capital expenditure to establish an energy conservation program or to comply with requirements of any federal, state or local health, fire, building or life safety code. The commission shall adopt regulations in accordance with the provisions of chapter 54 to provide for the waiver of a hearing, for any part of a request by a facility or institution for a capital expenditure, provided such facility or institution and the commission agree upon such waiver.

"(b) Except as provided for in subsection (a) of this section, any person proposing a capital expenditure to acquire imaging equipment having a cost exceeding four hundred thousand dollars, including the leasing of such equipment, which imaging equipment will not be owned by or located in a health care facility or institution, or state health care facility or institution, shall submit a request for approval of any such imaging equipment acquisition pursuant to the provisions of subsection (a) of this section.

"(c) In conducting its activities under this section and section 19a-154, the commission shall hold hearings on applications of a similar nature at the same time and shall coordinate its activities under said sections with the activities of health systems agencies including the holding of joint hearings with such agencies where possible. The commission shall adopt regulations in accordance with the provisions of chapter 54, establishing a schedule for the submission of such applications which shall provide for all completed applications pertaining to similar types of services, facilities or equipment affecting the same health service area to be considered in relation to each other and reviewed at least twice a year."

capital expenditures budget for its next fiscal year
. . . . The commission shall review such proposed
budget and may, with the consent of the facility or institution, informally discuss such budget with representatives of the facility or institution. The commission
shall notify the facility or institution of its approval,
denial or modification of such budget not later than
forty-five days before such proposed adoption date.
. . . [T]he commission shall order the institution to
adopt a budget which the commission deems acceptable for the coming fiscal period. . . . (c) In the event
of unforeseen and material changes in circumstances
during any fiscal year, any hospital or health care facility or institution which has submitted a budget to the
commission pursuant to the provisions of this section
may submit a proposed revised budget to said commission pursuant to regulations adopted by the commission."

"There are clear indications in the Uniform Administrative Procedure Act (UAPA); General Statutes
§§ 4-166—4-189; that the legislature intended that the
administrators issue declaratory rulings based on their
interpretations of statutes." *Connecticut Life & Health
Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 356,
377 A.2d 1099 (1977). The commission therefore was
correct in giving its interpretation of whether General
Statutes §§ 19a-155 and 19a-156 provide that additional
capital expenditures which are not in the capital expenditures budget and which do not exceed the threshold
amounts under § 19a-155 can be freely undertaken
without review or approval by the commission.

We first address whether the Superior Court applied
the proper standards in its review of the declaratory
ruling issued by the commission. General Statutes
§ 4-183 (g) allows judicial modification of a decision of
an administrative agency "if substantial rights of the
appellant have been prejudiced because the adminis-

trative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." The trial court appears to have focused its analysis on whether the commission's declaratory ruling interpreting the statutes was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. We do not believe that review of the declaratory ruling should have been so limited. "Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts; see General Statutes § 4-183 (g); *Board of Aldermen* v. *Bridgeport Community Antennae Television Co.,* 168 Conn. 294, 298–99, 362 A.2d 529 (1975); *Westport* v. *Norwalk,* 167 Conn. 151, 355 A.2d 25 (1974); 2 Am. Jur. 2d, Administrative Law §§ 645, 675; it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. *N.L.R.B.* v. *Brown,* 380 U.S. 278, 291, 85 S. Ct. 980, 13 L. Ed. 2d 839 (1965); *International Brotherhood of Electrical Workers* v. *N.L.R.B.,* 487 F.2d 1143, 1170–71 (D.C. Cir. 1973), aff'd sub nom. *Florida Power & Light Co.* v. *International Brotherhood of Electrical Workers,* 417 U.S. 790, 94 S. Ct. 2737, 41 L. Ed. 2d 477 (1974); 73 C.J.S., Public Administrative Bodies and Procedure § 69." *Real Estate Listing Service, Inc.* v. *Real Estate Commission,* 179 Conn. 128, 138–39, 425 A.2d 581 (1979). This case presents a question of law turning upon the interpretation of statutes. See *Brannigan* v. *Administrator,* 139 Conn. 572, 577, 95 A.2d 798 (1953); *Bridgeport* v. *United Illuminating Co.,* 131 Conn. 368, 371, 40 A.2d 272 (1944).

We conclude therefore that the trial court's standard of review was, in the present case, too limited. This conclusion, however, does not require reversal. Rather, we will review the commission's declaratory ruling with our focus on whether the ruling was correct as a matter of law.

The commission asserts that its declaratory ruling is consistent with the expressed intent of the legislature. "It is well settled that a statute must be applied as its words direct. *Dental Commission* v. *Tru-Fit Plastics, Inc.,* 159 Conn. 362, 365, 269 A.2d 265 [1970]; *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 265, 178 A. 537 [1962]." *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 485, 362 A.2d 785 (1975). The statutory provisions in question are unambiguous. "[I]f the statutory language is clear and unambiguous, there is no room for construction." Id. " 'It has often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say. *Wiegand* v. *Heffernan,* 170 Conn. 567, 581, 368 A.2d 103 (1976); *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975); *Sillman* v. *Sillman,* 168 Conn. 144, 148, 358 A.2d 150 (1975).' *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980). Where the language used is clear and unambiguous, we will not speculate as to some supposed intention. *Robinson* v. *Unemployment Security Board of Review,* [181 Conn. 1, 6, 434 A.2d 293 (1980)]." *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 231, 477 A.2d 988 (1984). Further, where the legislative intent is clearly and unambiguously expressed in the words of the statutes, there is no need for a review of their legislative history. *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 550, 494 A.2d 564 (1985).

The commission's declaratory ruling is consistent with the unambiguous language of the statutes in ques-

tion and therefore consistent with the expressed intent of the legislature. General Statutes § 19a-156 clearly authorizes the commission to order a hospital to adopt a capital expenditure budget which the commission finds acceptable. In that statute, there is no language which limits the commission's authority to the threshold limits of General Statutes § 19a-155. The capital budget process for capital expenditures described in General Statutes § 19a-156 clearly applies to all capital expenditures no matter what their cost. In this capital budget process, the commission does not review the individual items within the budget to determine if they are reasonable expenditures, but the total capital budget must be acceptable. It would make little sense to interpret this statute to require approval of a hospital's budget for all capital expenditures by the commission, but then allow the hospital freely to spend more than the authorized budget as long as the cost of no one capital expenditure reaches the § 19a-155 threshold. The language of §§ 19a-155 and 19a-156 nowhere indicates that such an interpretation was intended.

The capital budget process of § 19a-156 is separate from the procedure described in General Statutes § 19a-155. General Statutes § 19a-155 serves a different purpose from that of the overall budget review pursuant to § 19a-156. It allows the commission to review thoroughly any expenditure over the $600,000/$400,000 threshold "which expenditure was not included in a budget approved under section 19a-156." General Statutes § 19a-155 (a). The specific project is considered "in relation to the community or regional need for such capital program or purchase of land, the possible effect on the operating costs of the health care facility or institution, the recommendations of the Health Systems Agency regarding such proposal, and such other relevant factors as the commission deems necessary." Gen-

eral Statutes § 19a-155 (a). The commission's interpretation of General Statutes §§ 19a-155 and 19a-156 conforms to the intent expressed in the statutes and does not render either statute superfluous or contradictory. The statutes are compatible and can coexist.

The commission's interpretation of the statutes in question is also consistent with the May 18, 1982 opinion of the attorney general. Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive. *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 118, 348 A.2d 651 (1974). The opinion of the attorney general stated that "if a hospital proposes to undertake a capital program which will cause it to exceed its capital expenditures budget but which is less than the threshold requiring review pursuant to General Statutes § 19-73m, as amended by Section 6 of Public Act 81-465 [now Section 19a-155], a hospital must obtain the prior approval of the Commission in the form of a revised budget submitted pursuant to General Statutes § 19-73o (c), as amended by Section 7 of Public Act 81-465 [now Section 19a-156]."

We find further support for the commission's position in the regulations which have been subsequently approved by the legislative regulation review committee. The UAPA provides that the term "regulation" means "each agency statement of general applicability, without regard to its designation that implements, interprets, or prescribes law or policy, or describes the organization, procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior regulation, but does not include (A) statements concerning only the internal management of any agency and not affecting private rights or procedures available to the public, (B) declaratory rulings issued

pursuant to section 4-176 or (C) intra-agency or inter-agency memoranda . . . ." General Statutes § 4-166 (7). "The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute. *Commonwealth* v. *DiMeglio,* 385 Pa. 119, 124, 122 A.2d 77 (1956); see *Volunteer Firemen's Relief Assn.* v. *Minehart,* 425 Pa. 82, 89, 227 A.2d 632 (1967)." *Salmon Brook Convalescent Home* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 363, 417 A.2d 358 (1979). Regulation § 19a-160-115 (c)[5] of Connecticut State Agencies allows the commission to review all capital expenditures both below and above the limits set forth in General Statutes § 19a-155. The legislative regulation review committee's ratification of this regulation supports the position that the commission's review of capital expenditures below the threshold amount of General Statutes § 19a-155 is part of the general statutory scheme that the legislature provided for the commission's regulation of hospitals. See General Statutes § 4-170.

We conclude, therefore, based on the unambiguous language of General Statutes §§ 19a-155 and 19a-156, that the commission's declaratory ruling was correct. To hold otherwise would render the budget authorization of General Statutes § 19a-156 meaningless because a hospital could then with impunity spend more than

---

[5] Regulation § 19a-160-115 (c) provides in pertinent part: "CAPITAL EXPENDITURE BUDGETS . . . (c) The commission may review all capital expenditure items for new or replacement equipment under the limits set forth in sec. 19a-155 of the General Statutes, as part of the budget submission process and may review capital expenditures for new equipment or replacement capital acquisitions in excess of such limits as part of the capital budget review. Where expenditures for such items are deferred, the commission will entertain appropriate fillings under section 19a-155 of the General Statutes."

the amount authorized in its capital budget as long as the cost of no one capital expenditure reached the § 19a-155 threshold.

There is no error.

In this opinion the other justices concurred.