[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this appeal from a "fair hearing decision confirming the Department of Income Maintenance's (DIM's) termination of her" AFDC benefits.
On April 18, 1991 the court obtained a copy of the full original record.
FACTS
Plaintiff was injured in an accident on March 31, 1988 and suffered injury. She filed a negligence action and received a gross settlement of $32,500 on July 17, 1989, from which the State of Connecticut received $8670.05 and she received $8529.12 as her total share of the settlement. Plaintiff received AFDC assistance in July 1989, when she received the settlement and throughout the period during which the action was pending.
DIM stopped her benefits under the so-called Lump-Sum Rule for a period of 16.99 months. She protested the stoppage and on December 7, 1989 a "Fair Hearing" was held. On February 6, 1990 the fair-hearing officer issued his decision sustaining the DIM.
Among other evidence at that hearing was the following: CT Page 3040
Plaintiff notified DIM of the action when it was first filed. In the summer of 1988 she spoke to Richard Gill (Gill), a DIM resource worker, about the lawsuit. Gill told her that she and the State would split the proceeds after all expenses. She asked him whether the lawsuit would affect her eligibility. She claims that she explained she would prefer to withdraw the lawsuit if it would threaten her eligibility. According to the plaintiff's testimony Gill assured her that "they were going to help me. That as long as I came up with the truth, and give them their half and everything." She says he did not explain the "lump sum rule" to her. That rule made her ineligible for welfare for over a year.
Gill retired before the hearing and did not appear at the hearing. DIM offered nothing to dispute plaintiff's account of the explanation Gill had given her. In fact Roger Lewis, speaking for DIM stated:
 I agree with Attorney Potter, that everything Ms. Cortes says is credible, there is no issue in terms of reporting, there doesn't seem to have been any attempt to hide anything from the agency and in the past there have been issues when there also has been confusing [sic] and the attorney is making a report to the Bureau of Collection services and the assumption being made that report is being sent to the Department of Income Maintenance. But from the Department's point of view the reporting wasn't an issue, it was simply the receipt of the lump sum.
When Glenda Cortes received her settlement, she had been without an apartment for seven months. She had had to leave her apartment in December of 1988, because her roommate moved out and she could not afford the rent. She moved into her sister's basement until June 9, 1989, when her sister moved. Then she went to stay with her mother in New Jersey. At about the same time she received word from the Hartford Housing Authority that, after two years on the waiting list, her name had come up for an apartment. When she received the proceeds from the lawsuit in July she used the money to repay debts owed her sister; and to repair and furnish the new apartment and to buy a car. When DIM contacted her on August 17, 1989, she had spent all the money, and she explained this to DIM. She then gathered receipts, for all her expenses and provided them to DIM on October 1. DIM responded by terminating her AFDC under the lump sum rule. The rule imputes income regardless of how the money is actually allocated and plaintiff was determined ineligible for 16.99 months.
The fair-hearing officer made the following findings of CT Page 3041 fact:
"1. The appellant was receiving AFDC benefits for herself and her child.
 2. The appellant received an insurance settlement in the amount of $8,529.12 while in receipt of AFDC benefits.
 3. The lump sum benefit that the appellant received is income.
 4. The income that the appellant received exceeded her AFDC award.
 5. The appellant became ineligible for continuing AFDC benefits.
 6. The appellant's AFDC award was discontinued effective 9/30/89.
 7. The difference between the amount of the appellant's AFDC benefit and the total income, including the lump sum, may be used by the department to determine a period of ineligibility.
 8. The period of ineligibility begins in the payment month which corresponds to the month of receipt of the lump sum."
He found nothing specific about either Gill's authority or apparent authority. He failed to note if he came to any legal or factual conclusions in regard to the claim of equitable estoppel.
The appellant is aggrieved.
LAW
I. Authority
From the entire record together with C.G.S. 17-2 and 17-2a the court concludes that the agency could find that Richard Gill had apparent authority to give appellant his interpretation of the law. However, no such finding was made.
II. Appeal Standards
This appeal is governed by C.G.S. 4-183. To prevail appellant must sustain her burden of proof that her substantial rights have been prejudiced for one or more of the specific CT Page 3042 reasons set out in subsection (j) of that statute. Board of Aldermen v. Bridgeport Community Antennae Television Co.,168 Conn. 294, 297.
It is true that if this court believed all of appellants' claims as presented to the fair-hearing officer the court might go on to the question of equitable estoppel. O'Sullivan v. Bergenty, 214 Conn. 641, 648. However, the court is not to retry the case or substitute its conclusions for those of the agency. Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318.
The fair-hearing officer found, inter alia, "4. The income that the appellant received exceeded her AFDC award. 5. The appellant became ineligible for continuing AFDC benefits." If the officer had found any authority in Gill to make the claimed statements he might have gone on to find that the State was equitably estopped from discontinuing appellant's payments because of those statements. It is clear the officer never found any facts on which such an ultimate finding could be made.
The court cannot find the agency's action clearly erroneous on the record. C.G.S. 4-183(i).
Appeal dismissed.
N. O'NEILL, J.