[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff in this administrative appeal is a corporation licensed by the State of Connecticut Department of Motor Vehicles (hereinafter "DMV") as an automobile dealer and repairer. The DMV, following a contested case hearing, found the Plaintiff in violation of General Statutes § 14-64 for failing to allow inspection of its records by DMV inspectors on September 27, 1995.
The Plaintiff brings this appeal pursuant to the Administrative Procedures Act — General Statutes § 4-183. The Plaintiff is aggrieved by the DMV decision, as it is subject to a fine, license suspension and bond requirement, under the ruling.
The facts underlying the appeal are essentially not disputed. DMV inspectors were investigating allegations of odometer fixing.[1] Two DMV inspectors entered the Plaintiff's place of business during normal business hours on September 27, 1995. A written form was provided to an employee of the Plaintiff Corporation. The form (R. Ex. B) contained the following.
 A general reinspection of your licensed location will be conducted by Inspectors of this Department. This will include plate use and inspection of required records to insure that they CT Page 9960 are executed and maintained in the manner prescribed by State statutes and regulations of the Commissioner.
Mr. Sam D'Onofrio, the principal of the Plaintiff corporation, was contacted by telephone by the employee on duty on September 27, 1995. The inspectors initiated a records inspection but left after a discussion with Mr. D'Onofrio. There is a dispute between the parties as to what was said over the telephone, but the record contains evidence supporting the hearing officer's conclusion that as a result of the conversation the inspectors were unable to complete the inspection of the Plaintiff's records.
General Statutes § 14-64 provides in pertinent part:
 The commissioner may suspend the license of any licensee, impose a civil penalty . . . when, after notice and hearing, he finds that the licensee . . . (3) has failed to allow inspection of such records by the commissioner or his representative during normal business hours, provided written notice stating the purpose of the inspection is furnished to the licensee. . . .
The record establishes that representatives of the commissioner were not allowed to inspect the Plaintiff's records during normal business hours on September 27, 1995.
The issue in the case is whether the statutorily required "written notice stating the purpose of the inspection" was provided the Plaintiff licensee. The Court concludes that under the facts of this case, the required notice was not provided to the Plaintiff.
The DMV inspector described the September 27, 1995 visit as follows:
 As part of an ongoing odometer investigation we went to the dealership of Auto Imports to inspect records. We were asked to leave the property.
(R. T., p. 6.) CT Page 9961
The DMV inspector testified further as to the investigation:
 Q. Was this ongoing investigation regarding Auto Imports the Respondent?
A. Yes, it did.
Q. When did the investigation commence approximately?
A. Somewhere around June.
 Q. Then you said, I believe that, you went for the records?
A. That's correct.
Q. What day was that, sir?
A. September 27, 1995.
(R. T., p. 8.)
The Record thus establishes that the "propose of the inspection" on September 27, 1995 was the pursuit of an "ongoing odometer investigation."
The only written notice provided Plaintiff was Exhibit B. This document appears in all respects to be a form with the Plaintiff's address typed in at the top and the date written in. The reference to "a general reinspection" to "include plate use and inspection of required records to insure that they are executed and maintained in the prescribed manner," is at best less than forthcoming. Can such imprecise if not blatantly inaccurate notice meet the statutory requirement?
The DMV argues that it has literally applied the statute by giving minimal written notice of an inspection of a licensee's records.
A court hearing on an administrative appeal may reverse the decision of an agency where the ruling reflects an error of law. General Statutes § 4-183 (j)(4). "The interpretation of statutes presents a question of law." Connecticut Hospital Assn. v.Commission on Hospitals Health Care, 200 Conn. 133, 139-40
(1986), Board of Education of Ridgefield v. FOIC, 217 Conn. 153, CT Page 9962 158 (1991). "The trial court need not defer to an incorrect decision of law by the agency." Connecticut Hospital Assn.,
supra, 200 Conn. 140. "Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law." Board of Education of Ridgefield v. FOIC,
supra, 217 Conn. 159.
The parties argue for a technical rule as to what "written notice" is required. The court rejects any fixed content unrelated to time, place and circumstances. It would be more helpful to understand the written notice requirement to be like "due process" a flexible principle that "calls for such procedural protection as the particular situation demands."Morrisey v. Brewer, 408 U.S. 471, 481 (1972); Mitchell v. W.S.Grant Co., 416 U.S. 600, 610 (1974); Lee v. Board of Education,181 Conn. 69, 73 (1980); State v. Joyner, 225 Conn. 450, 470-71
(1993); and Connecticut Natural Gas v. Miller, 239 Conn. 313, 320
(1996).
In circumstances involving an actual "general reinspection" the DMV form notice may suffice, and unannounced inspection may be appropriate under various scenarios. Here, however, the actual purpose of the inspection was not provided. The odometer investigation, which had begun in June, was the sole reason for the unannounced September 27, 1995 inspection.
For the court to condone this form of written notice would fail to give meaning to the express language of § 14-64 requiring "written notice of the propose." Connecticut courts do no normally read legislative language as superfluous. Stratford v.State Board of Mediation Arbitration, 239 Conn. 32, 55 (1996),Stewart v. Tunxis Service Center, 237 Conn. 71, 79 (1996).
In a civil context our Supreme Court has recognized that: "Notice is not a mere perfunctory act in order to satisfy the technicalities of a statute, but has, as its basis, constitutional dimensions." In re Baby Girl B, 224 Conn. 263, 295
(1992).
In the context of an unannounced search of business records for a purpose which could implicate criminal liability as well as the deprivation of property in the form of civil penalties and loss of licenses, the constitutional dimension is apparent. CT Page 9963
"In choosing between two statutory constructions one valid and one constitutionally precarious, we will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent." (Internal quotation marks omitted.) In re Baby Girl B, 224 Conn. 263, 286 (1992);McCarthy v. Commissioner of Correction, 217 Conn. 568, 580
(1991); State v. Breton, 212 Conn. 258, 269 (1989); McDonnel v.Beverly Enterprises Connecticut, Inc., 209 Conn. 692, 706 (1989);Mascone v. Manson, 185 Conn. 124, 128 (1981); Kron v. Whelan,178 Conn. 189, 197 (1979); and Castagno v. Wholean, 239 Conn. 336,340 (1996).
The Plaintiff on September 27, 1995 was not "provided written notice stating the purpose of the inspection," thus he may not be penalized pursuant to § 14-64 for failing to allow inspection on that date.
The appeal is sustained. The case is remanded to vacate it's orders dated November 6, 1995 penalizing the Plaintiff in anyway connected with the inspection attempt of September 27, 1995.
Robert F. McWeeny