[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These administrative appeals both seek a review of the same Freedom of Information Commission (FOIC) order which found the West Haven Redevelopment Agency (Agency) to have violated the Freedom of Information Act (FOIA), but declined to declare an agency meeting null and void.
The Agency in its appeal challenges the finding of an FOIA violation with respect to the March 6, 1995 executive session. Jimmie's, Inc. seeks a court order directing the FOIC to find the agency's March 6, 1995 meeting null and void, due to such FOIA violation.
The FOIC finding and the Record establish the following factual scenario. The agency had a regularly scheduled March 6, 1995 meeting. The agenda for the meeting included a presentation by the New Haven City Planner of a new set of zoning regulations and a zoning map which were to be acted on by the West Haven Planning and Zoning Commission on March 14, 1995.
Jimmie's, Inc. asserted at such meeting that the CT Page 391-R proposed zoning regulations violated their contractual rights under the redevelopment plan. Jimmie's, Inc. was seeking the Redevelopment Agency's support in opposing the new zoning regulations. (It sought an opinion regarding the legality of the proposed zoning changes from the agency.) The Town Planner was not seeking any action from the Redevelopment Agency.
At the March 6, 1995 meeting the Redevelopment Agency voted to go into executive session to discuss "legal matters."
The FOIC decision found that the Redevelopment Agency violated General Statutes § 1-21 (a); in that "legal matters" does not sufficiently state or identify a proper purpose for an executive session.
The FOIC decision was mailed to the parties on December 19, 1995. West Haven made service of its appeal on January 31, 1996, but did not file its appeal until February 14, 1996.
The Court must fully resolve any jurisdictional question before considering the merits of the appeal.Castro v. Viera, 207 Conn. 420, 429 (1983). General CT Page 391-S Statutes § 4-183 (c) provides that the appeal must be served and filed in the Superior Court "[w]ithin forty-five days after mailing of the final decision. . . ." The failure to file an appeal within the forty-five days time period deprives the court of subject matter jurisdiction.
West Haven's appeal is untimely and it is dismissed.
The Appeal of Jimmie's, Inc. is timely. It does not challenge the finding of a violation by the FOIC, but only the penalty assessed.
In cases involving administrative appeals, it is not the function of the trial court to substitute its judgment for that of the agency. The scope of the court's review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, 707-08
cert. denied 431 U.S. 909; Madew v. Muzio, 176 Conn. 374,376 (1978); Buckley v. Muzio, 200 Conn. App. 501, 506
(1994); O'Rourke v. Commissioner, 33 Conn. App. 501, 506
(1994); Kalakowski v. Hadley, 43 Conn. App. 636, 642 (1996). "Rather an agency's factual and discretionary determination are to be accorded considerable weight by the courts."Board of Admin. v. Bridgeport Community Television Co.,168 Conn. 294, 298-99 (1975); Conn. Hospital Assn. Inc. v. Comm.on Hospitals and Health Care, 200 Conn. 133, 140 (1986); CT Page 391-TState Medical Society v. Board of Examiners in Podiatry,208 Conn. 709, 777 (1988).
General Statutes § 1-21i(b)(2) provides that in the event of FOIA violations the FOIC "may declare null and void any action taken at any meeting. . . ." In the instant case no action was taken by the Redevelopment Agency; thus, the FOIC properly exercised its discretion in finding the violation and ordering future strict compliance in the future.
The Appeal of Jimmie's, Inc. is dismissed.
Robert F. McWeeny, J.