[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff-Appellant, Michelle Truglia initiated this action challenging a decision of the Connecticut Commission on Human Rights and Opportunities (CHRO) which dismissed her employment discrimination complaint. The right to appeal arises from General Statutes § 46a-94a which provides that a complainant aggrieved by the dismissal of his complaint may appeal the decision pursuant to General Statutes § 4-183 (Uniform Administrative Procedure Act). The Defendant-Appellees are the CHRO and Ms. Truglia's former employer, Cooper, Liebowitz, Royster Wright and its individual partners.
The Plaintiff filed a complaint with the CHRO on August 12, 1993, alleging illegal employment discrimination on the basis of sex and familial responsibilities under General Statutes §§ 31-75, 46a-60 (a)(1), 46a-60 (a)(5),46a-60 (a)(9), Title VII of the (federal) Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and (federal) Executive Order No. 11246. (R. 468-76.) The Plaintiff alleged that she was discharged on February 20 1995, after only five days of employment because of her failure to disclose, prior to accepting employment, her familial responsibilities, which required her to leave work at 5:30 p. m. to pick up her child from day care three days a week. The Plaintiff also alleged that she and other female employees were paid less than a male employee who had less experience than they did (R. 468-76).
The CHRO commenced an investigation of the complaint pursuant to General Statutes § 46a-83. The CHRO investigator gathered extensive information, including the complaint, answer, interrogatories and other correspondence from the complainant and the respondent employer; review of the payroll and other records of the employer; recorded CT Page 4221 interviews with two of the employer's principals, telephone interviews with current and former employees; affidavits from the respondents and current and former employees; the transcript of an unemployment compensation appeal hearing (arising from Ms. Truglia's termination due to the alleged employment discrimination); and copies of the complaint, answer and interrogatories from an investigation by the federal Office of Contract Compliance Programs (arising from the same alleged employment discrimination). The Record on appeal in this case contains 913 pages.
On May 18, 1995, after conducting the investigation, the CHRO issued a draft finding of no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint, and invited the parties to comment (R. 437-45). After receiving comments from the Plaintiff (R. 490-500), and conducting additional investigation, the CHRO issued its final decision on August 8, 1995, which was a finding of no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint (R. 427-36).
The CHRO's finding of no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint was based on several conclusions, including: (1) the CHRO does not have jurisdiction over claims of discrimination based on "familial status" in employment; (2) the employer's salary level policy is based on qualifications without regard to sex; and (3) the evidence does not support the complainant's allegation of unequal pay based on sex (R. 428-31, 435).
The Plaintiff filed a request for reconsideration of the no reasonable cause finding with the CHRO on August 24, 1995 under General Statutes § 46a-83 (e) (R. 1-206). The Plaintiff filed this appeal on September 22, 1995 under General Statutes §§ 46a-94a and 4-183. The administrative record was filed on July 12, 1996. The Plaintiff's brief was filed on September 12, 1996. The Defendant CHRO's brief was filed on December 3, 1996 and the Defendant employer's brief was filed on December 2, 1996. Oral argument on this appeal was heard on January 16, 1997.
It is undisputed that as of November 13, 1995, the CHRO had not yet acted on the Plaintiff's request for CT Page 4222 reconsideration. See affidavit of Jewel Brown, Deputy Director of Enforcement for the CHRO, appended to the CHRO's brief on this appeal. General Statutes § 46a-83 (e) requires that the CHRO "shall reconsider or reject [the request for reconsideration] within ninety days of the issuance of such finding [of no reasonable cause]." As the finding was issued on August 8, 1995, the CHRO was required to act on the request for reconsideration no later than November 6, 1995. However, Public Act 96-241 validated administrative appeals from CHRO decisions filed on or before January 1, 1996, despite the CHRO's failure to comply with statutory time requirements.
The CHRO raises as a special defense on appeal that the court lacks subject matter jurisdiction because the Plaintiff filed a request for reconsideration with the CHRO under General Statutes § 46a-83 (e) prior to filing this appeal. CHRO Brief, p. 34 and attached Memorandum in Support of Motion to Dismiss. "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." General Statutes § 4-183 (a).
The filing of a petition for reconsideration does not toll the 45 day statute of limitations under General Statutes § 4-183 (c) for filing an appeal to the superior court. Commission on Human Rights and Opportunities v.Windsor Hall Rest Home, 232 Conn. 181, 187, 653 A.2d 181
(1995); Cassella v. Department of Liquor Control,30 Conn. App. 738, 741, 622 A.2d 1018 (1993), cert. denied,226 Conn. 909, 628 A.2d 983 (1993). The failure to comply with the 45 day statute of limitations deprives the court of subject matter jurisdiction to hear administrative appeals.Commission on Human Rights and Opportunities v. Windsor HallRest Home, 232 Conn. 181, 187, 653 A.2d 181 (1995);Glastonbury Volunteer Ambulance Association, Inc. v. Freedomof Information Commission, 227 Conn. 848, 852, 633 A.2d 305
(1993).
If the CHRO's position were adopted, people who requested reconsideration of an agency decision would risk losing their right to appeal to court because the CHRO has 90 days from the issuance of a final decision to act on a CT Page 4223 request for reconsideration, while court appeals must be filed within 45 days of the final decision and there is no tolling of the 45 day appeal period upon filing a petition for reconsideration. In this case the CHRO failed to take any action on the request for reconsideration within the 90 day statutory time limit and now argues that the court lacks subject matter jurisdiction since the Plaintiff could not simultaneously file a request for reconsideration and a court appeal and since the 45 day statute of limitations has elapsed. The legislature cannot have intended that a person requesting an agency reconsideration of a final decision risks losing their right to appeal to court. "The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." General Statutes § 4-183 (a). The filing of a petition for reconsideration does not change the character of an agency's final decision.
The Supreme Court has held that the filing of a petition for reconsideration by a non-appealing party after a court appeal has commenced does not terminate the court's jurisdiction over an administrative appeal. Miko v.Commission on Human Rights and Opportunities, 220 Conn. 192,198, 596 A.2d 396 (1991). The interests of judicial economy and fairness do not require that a person must choose between the mutually exclusive options of appealing an agency's final decision in court and requesting reconsideration of the decision by the agency since, if a request for reconsideration is granted, and the reasons for appeal to the superior court become moot due to subsequent agency action, the appeal may be dismissed for mootness. No issues of mootness have been raised in this case.
General Statutes § 4-183 (a) permits the simultaneous request for reconsideration of a final agency decision and appeal to the superior court. "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged."Demar v. Open Space and Conservation Commission,211 Conn. 416, 425, 559 A.2d 1103 (1989). The court holds against the CHRO on the special defense that the court lacks subject matter jurisdiction due to the filing of a request for reconsideration and finds that it has subject matter jurisdiction in this case.
The Plaintiff has filed an objection to the court's CT Page 4224 consideration of the brief filed by the employer, stating that the employer is not a party to the appeal and that the employer's brief was untimely filed. The objection is overruled. The employer, the respondent party to the administrative proceedings that the Plaintiff appealed from, was served with a copy of the appeal pursuant to General Statutes § 4-183 (c) on or about September 22, 1995 and entered an appearance in the case as a defendant through its attorney on November 14, 1995 and has subsequently participated in the case as a party through the filing of motions and a brief. The court granted an extension of time to December 1, 1996 for both the CHRO and the employer to file briefs on November 1, 1996 and denied Plaintiff's motion to reargue the extension on November 8, 1996. The employer is a party to this appeal.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is limited. General Statutes § 4-183 (j) provides that "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that the substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the Plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Department of Health Services,220 Conn. 86, 94, 596 A.2d 374 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light andPower Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58, 591 A.2d 1231 (1991). Similarly, "with regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission CT Page 4225 supports the action taken." Hospital of St. Raphael v.Commission on Hospitals and Health Care, 182 Conn. 314, 318,438 A.2d 103 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, Chapter 54, §§ 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of all the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452, 545 A.2d 1064 (1988).
The Plaintiff appeals the final decision of the CHRO finding of no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint under General Statutes §§ 46a-94a
and 4-183. The Plaintiff argues that the CHRO was in error in not finding that it had jurisdiction over complaints of "familial responsibility" discrimination under General Statutes § 46a-60 (a)(9) and (federal) Executive Order 11246 and that the CHRO failed to conduct a thorough and complete investigation.
The CHRO has jurisdiction over complaints of discrimination under General Statutes § 46a-60 (a)(9), but the CHRO's failure to address § 46a-60 (a)(9) was harmless error, since a review of the record indicates that § 46a-60 (a)(9) was not implicated in this case. It is undisputed that the employer never asked about the Plaintiff's familial responsibilities during the two pre-employment interviews and that it was the Plaintiff who first brought up the subject of her familial responsibilities when she told her employer that she would be leaving to pick up her child from day care three days a week at 5:30 p. m. (R. 429-30, 469-70, 699-703, 713-16).[1] General Statutes § 46a-60 (a)(9) prohibits "an employer . . . [from] request[ing] or requir[ing] information from an employee [or] person seeking employment . . . relating to . . . the individual's familial responsibilities." CT Page 4226
The court finds that (federal) Executive Order 11246 is enforced by the federal Department of Labor, and that the CHRO does not have jurisdiction over such claims. The other issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738,611 A.2d 938 (1992).
The Plaintiff alleged that the CHRO failed to conduct a thorough and complete investigation since it did not default non-responding parties for not filing answers under oath and for not answering interrogatories. General Statutes § 46a-83
(i) provides that the CHRO "may" default respondents who fail to answer under oath or who fail to answer interrogatories. Therefore, the decision whether to default parties is committed to agency discretion. An agency's discretionary determinations are to be accorded considerable weight by the courts. Board of Administration v. BridgeportCommunity Television Co., 168 Conn. 294, 298-99 (1975);Connecticut Hospital Assn. v. Commission on Hospitals andHealth Care, 200 Conn. 133, 140 (1986); State MedicalSociety v. Board of Examiners in Podiatry, 208 Conn. 709,777 (1988). Furthermore, since an employer, through its attorney, did file an answer under oath and did answer interrogatories, the CHRO did not abuse its discretion in accepting these answers and not defaulting the individual partners of the employer partnership for not answering individually.
The Plaintiff alleged that the CHRO failed to conduct a thorough and complete investigation since it did not subpoena a witness, Mr. Joseph French, to testify as to his salary to support the Plaintiff's claim of sex discrimination in pay. However, the CHRO investigator did review the employer's salary records and therefore confirmed that Mr. French's salary was within the firm's salary policy range for his experience level, and was not higher than Plaintiff's solely on the basis of sex. (R. 433.) Since the CHRO has already acquired the salary information necessary for its investigation, it was not an abuse of discretion to decline to subpoena the witness.
The Plaintiff alleged that the CHRO failed to conduct a thorough and complete investigation since it did not conduct an oral fact-finding interview with the Plaintiff. The Plaintiff submitted a nine page complaint (R. 468-76) and an CT Page 4227 eleven page letter containing comments on the CHRO's preliminary finding (R. 490-500). Also, a transcript of the Plaintiff's unemployment compensation hearing was submitted to the CHRO (R. 628-60) and the Plaintiff had contact with the CHRO during the investigation by letter, telephone, and in person. (R. 283, 518, 520, 540, 542.) The court finds that these submissions satisfy General Statutes § 46a-83 (d), "the investigator shall afford each party and his representative an opportunity to provide written and oral comments on all evidence in the commission's file; " and that it was not an abuse of discretion to decline to conduct an oral fact-finding interview with the Plaintiff.
The Plaintiff claims that the CHRO failed to provide the Plaintiff with the opportunity to inspect and copy all documents and other evidence pertaining to the charge of discrimination, as required by General Statutes § 46a-83 (g), and that this deprives her of due process rights under Article I, Section 10 of the Connecticut Constitution and the Fourteenth Amendment to the United States Constitution. The Plaintiff cites no case authority or explanation of the constitutional rights implicated. The Plaintiff does not claim that she was actually denied access to the CHRO case file, but that an inadequate investigation of her complaint resulted in her being unable to inspect and copy information which might otherwise have been found in the case file. (Plaintiff's Brief, p. 32-34). The court finds that the CHRO investigation was adequate and that Plaintiff was not denied the opportunity to inspect and copy documents and other evidence in the case file.
The court must consider whether the CHRO finding is supported by substantial evidence. Connecticut Light andPower Co. v. Dept. of Public Utility Control, 216 Conn. 627,639, 583 A.2d 906 (1990). The substantial evidence criteria is satisfied if the Record provides a "substantial basis of facts from which the fact in issue can be reasonably inferred." Lawrence v. Kozlowski. 171 Conn. 705, 713,372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977). The "substantial evidence" standard requires that the administrative decision be upheld "if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding." Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 601, 590 A.2d 447 (1991). CT Page 4228
The Record contains substantial evidence that the CHRO investigator conducted an adequate investigation and that there was no reasonable cause for believing that the discrimination alleged in the complaint occurred. (R. 427-36.) The court is not to make a determination de novo but rather to determine whether substantial evidence in the Record supports the conclusion reached by the commission.Adriani v. Commission on Human Rights and Opportunities,228 Conn. 545, 550-57, 636 A.2d 1360 (1994); Miko v. Commission on Human Rights and Opportunities, 220 Conn. 192, 200-01,596 A.2d 396 (1991). The Plaintiff worked for five days and quit after her professional commitment and work schedule were questioned. The Record reveals not even a scintilla of evidence supporting her discrimination claims.
After consideration of all of the Plaintiff's claims, the court finds that the CHRO's investigation met the standards required by General Statutes § 46a-83 and the Plaintiff's appeal from the finding of the CHRO did not meet the standards required by General Statutes § 4-183 (j) to sustain the appeal. The Plaintiff's allegations of an inadequate investigation and a consequentially invalid finding of no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint are unfounded.
The Appeal is dismissed.
Robert F. McWeeny, J.