[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this appeal from a decision of the Department of Motor Vehicles ("DMV"), dated October 7, 1998, which ordered the revocation of his public passenger transportation permit pursuant to General Statutes § 14-44(c), without the right to reapply for such permit until March of 2003. The DMV decision suspends his permit effective November 25, 1998. The plaintiff brings this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166
and 4-183.
The plaintiff was a holder of a public passenger transportation permit and is thus aggrieved by the DMV decision. The plaintiff, on June 26, 1997, was arrested for risk of injury to a minor and sexual assault in the second degree pursuant to General Statutes §§ 53-21(2)[1] and 53a-71. He plead guilty to risk of injury to a minor on February 27, 1998 and on March 6, 1998 was sentenced to a six year suspended sentence and ten years probation. On June 30, 1998, the DMV Commissioner notified the plaintiff that in accordance with procedures set forth in § 4-176e
through § 4-182 of the UAPA the plaintiff must appear at a hearing to respond to the charge that as a holder of a public service license he had been convicted of a serious criminal offense which adversely reflected on his moral character. A hearing was held on August 19, 1998 at which the plaintiff appeared with counsel. Following the hearing, the hearing officer ordered the revocation of the plaintiffs public passenger transportation permit pursuant to § 14-44(c), without the right to reapply for such permit, until March, 2003. The plaintiff was notified on October 31, 1998 that his right to operate a motor vehicle use for public passenger transportation permit was suspended effective November 25, 1998.
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] CT Page 6671 review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v.Dept. of Social Services, 49 Conn. App. 432, 436 (1998).
The plaintiff raises a single issue in the appeal, whether the Commissioner abused his discretion revoking the plaintiffs public passenger transportation permit, based on his criminal conviction for risk of injury § 52-21(2). Section 14-44(a)(3) provides that: "No person shall operate a student transportation vehicle as defined in § 14-212, taxi cab, motor vehicle in livery service, motor bus or service bus until he has obtained an operator's license bearing an endorsement of the appropriate type from the commissioner issued in accordance with the provisions of this section." The plaintiff worked for a livery service and was issued a permit pursuant to § 14-44(a)(3).
Section 14-44(c) provides that: "The commissioner may issue, withhold, renew, suspend, cancel or revoke, any passenger or school endorsement. The Commissioner may, in making his decision, consider the age, accident and criminal record, moral character and physical condition of any such applicant or permittee and such other matters as the commissioner may determine. The commissioner may require any such applicant or permittee to furnish the statements of two or more reputable citizens, which may be required to be under oath, vouching for the good character or other qualifications of the applicant or permittee."
The facts are not in dispute in this case. The Commissioner, acting solely on the basis of the plaintiff's conviction for risk of injury, § 53-21(2), revoked the plaintiff's permit pursuant to § 14-44(c). CT Page 6672
The plaintiff filed a timely appeal on November 23, 1998. The record was filed by DMV on December 22, 1998. Briefs were filed by the plaintiff on April 5, 1999 and the DMV on May 3, 1999. The parties waived any claim to oral argument and submitted the case on the record and briefs. In his brief, the plaintiff raises a single issue: "Whether the Department of Motor Vehicle abused their discretion and acted in an arbitrary and capricious manner in suspending plaintiff's right to operate a motor vehicle used for public passenger transportation, based on his criminal conviction for risk of injury pursuant to [Connecticut General Statutes § 52-21(2)]." (Brief in Support of Administrative Appeal, p. 3.)
In making his argument, the plaintiff cites a line of authority in which the basic motor vehicle operator's license was suspended. See Stoneburner v. Director of Motor Vehicles,202 A.2d 652 (D.C. 1964); James v. Director of Motor Vehicles,336 F.2d 745, 118 D.C. 357 (1964); Dehn v. Commissioner of Dept. ofPublic Safety, 442 N.W.2d 830 (Minn.App. 1989). In these cases, the issue was the connection between the general operator's license and the criminal conduct.
The cases are clearly distinguishable in that the plaintiffs general operator's license is unaffected by the decision to revoke his public passenger permit. Thus, the issue in this case is not whether the plaintiff should be permitted to operate a motor vehicle; but whether his felony conviction for risk of injury to a minor may be the basis for revocation for a public passenger permit. The defendant relies on more analogous authority upholding similar exercises of discretion. Kaufman v.Taxicab Bureau, Baltimore City Police Dept., 204 A.2d 521, 236 M.D. 476, cert. denied, 382 U.S. 849, 86 S.Ct. 95, 15 L.Ed.2d 88
(1964). In Kaufman, the Maryland Court of Appeals affirmed the Taxi Cab Bureau's decision denying an application for a taxi cab license. The relevant licensing statute in Maryland empowered the Bureau to refuse to issue a license if an applicant had a past criminal record, accident record, or other reason sufficient to the Bureau. In Kaufman the applicant's history, negative psychiatric report, difficult attitude towards lawful authority and criminal conviction for disorderly conduct were sufficient to substantiate the denial of the taxi cab license. The Connecticut Supreme Court in Bisconti v. Public Utilities Commission,127 Conn. 267 (1940) upheld the Commission's revocation of a certificate to operate a taxi because it had been operated for immoral purposes. The Supreme Court specifically found no abuse CT Page 6673 of discretion. Bisconti v. Public Utilities Commission, supra, 271-272.
The plaintiff had a serious felony conviction for a crime which raised issues concerning his morality and psychiatric health. In this case, the victim of sexual assault was a minor ward of the plaintiff. The plaintiff's ten year probation, included a requirement to undergo psychiatric counseling. The conviction is clearly related to the plaintiff's ability to safely transport passengers. The permit at issue empowers the plaintiff to transport passengers which would include minors. The sexual exploitation of a minor entrusted to his care is related to his ability to be entrusted with minors for purposes of transportation.
The health and safety of young children is a clear interest of the State as evidenced by the public policy set forth in the risk of injury statute which the plaintiff violated, General Statutes § 53-21(2). The standard of judicial review requires that: "[A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. ConnecticutHospital Assn. Inc. v. Commission on Hospitals and Health Care,200 Conn. 133, 140, 509 A.2d 1050 (1986); Board of Administrationv. Bridgeport Community Television Company, 168 Conn. 294,298-99, 362 A.2d 529 (1975); Westport v. Norwalk, 167 Conn. 151,355 A.2d 25 (1974)." State Medical Society v. Board of Examinersin Podiatry, 208 Conn. 709, 777 (1988). The DMV decision, after a hearing, determining that a convicted felon who had endangered the health, safety and morals of a minor was unfit to hold a public passenger transportation permit is within its sound discretion. The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.